ISAAC C. ANDERSON AND THOMAS C. WORTHINGTON *vs.* ALEXANDER HAMMOND.—*December*, 1847.

Under the provisions of the act of 1763, ch. 13, it is essential to the validity of a parol gift of a slave, that there should be an express delivery of the property at the time, and in pursuance, of the gift. The act is not gratified by a constructive delivery, nor by an actual and express delivery, if it does not accompany the gift.

APPEAL from the Court of Chancery.

This appeal which was argued for the appellant only, with the preceding one, was similar in its circumstances with that: The appellee married *Elizabeth Ann Shipley*, another daughter of *James Shipley*, to whom on the 3d August, 1841, he made another conveyance of a slave called *Miranda*. The appellee claimed also under a gift from *J. S.*, to his daughter made in 1835, at which time *S.* was not indebted.

The Chancellor (BLAND) also decreed a perpetual injunction in this cause, prohibiting the appellants as creditors of *J. S.*, from proceeding to recover their debt by *fi. fa.* levied upon the slave *Miranda*.

From that decree the defendant in Chancery appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER, and MARTIN, J.

By T. S. ALEXANDER, for the appellant.

No counsel appeared for the appellee.

MARTIN J., delivered the opinion of this court.

With respect to the validity of the bill of sale of the 3d of August, 1841, this case cannot be distinguished from that of *Thomas C. Worthington* and *Isaac C. Anderson* against *Mary E. Shipley,* already determined.   The voluntary conveyance of the 3d of August, 1841, must be held fraudulent and void under the statute of 13 *Eliz.* for the reasons assigned in the case to which we have referred.

In this case, however, the bill alleges, that *Miranda,* the slave in question, was verbally given, at the period of her birth, which was about the year 1835, by *James Shipley* to his daughter *Elizabeth,* who is the wife of the complainant.   As at this time there was no indebtment by *James Shipley* to the appellant, the gift is unaffected by the statute of 13 *Eliz.*

This averment in the bill is sustained, we think, by the evidence in the cause ; and the title of the appellee to this slave turns upon the question, whether the verbal gift was perfected in the mode prescribed by the act of 1763, ch. 13.

Under the provisions of this act of Assembly it is essential to the validity of a parol gift of a slave, that there should be an express delivery of the property at the time, and in pursuance of the gift.   The requirements of the statute are not gratified by a constructive delivery, nor by an actual and express delivery if it does not accompany the gift.   The *factum* of the gift is, in this case, very clearly established ; but the appellee has not succeeded in proving that express delivery of possession at the time of the gift, which is required by the act of 1763, ch. 13.

It follows from what we have said, that the appellee has shown no title to the slave in controversy, and that the Chancellor therefore erred in making the injunction perpetual.

DECREE REVERSED WITH COSTS AND BILL DISMISSED.