JOHN S. NICKERSON *vs.* JOHN L. NICKERSON.

*Parol gift of a Slave — Construction of the Act of 1763, chap.* 13.

Delivery is essential to the perfection of a parol gift of a chattel; and without actual delivery. which must be according to the nature and character of the thing given, no title passes. There must be a parting by the donor with the legal power and dominion over the gift; for if he retain the dominion, or if a *locus penitentiæ* remain to him, there can be no legal and perfect donation.

Under the provisions of the Act of 1763, chapter 13, it is essential to the validity of a parol gift of a slave, that there should be an express delivery of the property at the time, and in pursuance, of the gift.

APPEAL from the Orphans' Court of Queen Anne's County.

At the trial below, the plaintiff offered the following prayer:

If the jury shall believe from the evidence that the defendant gave to the plaintiff, the negro man Bill, verbally, and that in pursuance of said gift, the defendant delivered possession of said negro to the father of the plaintiff, his natural guardian, and shall further believe that subsequent to said gift and delivery, the defendant converted the said negro to his own use, they must find for the plaintiff. To this prayer the defendant objected, and the Court sustained the objection but granted the prayer, with the amendment in parenthesis thereto added, as follows: " If the jury shall believe from the evidence that the defendant gave to the plaintiff, verbally, the negro man, (and that at the time,) and in pursuance of the said gift, the defendant delivered possession of the said negro to the father of the plaintiff, his natural guardian, and shall further believe that subsequent to said gift and delivery, the defendant converted the said negro to his own use, they must find for the plaintiff." To this instruction, the plaintiff excepted.

The defendant asked the Court to instruct the jury as follows:

1st. That they cannot find that a valid and perfect gift has been made by the defendant to the plaintiff, of the negro mentioned in the declaration, unless they shall believe from the testimony in this cause, that at the time of said gift, there was a delivery of the boy Bill Johnson in pursuance of the gift, and that the said boy was transferred to the sole use and possession of the said plaintiff, or to his father and natural guardian Samuel Nickerson, for the use and benefit of the said plaintiff.

2d. That if they shall believe from the testimony in this cause, that sometime in January, 1853, the defendant in the presence of the witness Mrs. Wallace, said to Bill Johnson, the negro mentioned in the plaintiff's declaration, "Go home Bill, to Sam and serve him, until John comes of age, and then you will go to John," neither Samuel Nickerson nor the plaintiff being present, the said declarations do not constitute a gift in the law, although they shall believe that the said negro afterwards went into the possession of Sam. Nickerson until his death, and although the defendant had frequently said since, that he had given the said negro to Sam. Nickerson or to John Nickerson.

To these instructions the plaintiff objected, but the Court overruled the objection, and granted the instructions; thereupon the plaintiff excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*John P. Poe,* for the appellant:

The first prayer of the defendant should have been rejected. It instructed the jury that they could not find a valid and perfect gift of the negro boy in suit, to have been made by the defendant to his grandson, the plaintiff, unless they believed

that at the *time of the gift*, and in pursuance of it, there was a delivery of the boy, and that he was transferred to the *sole* use and possession of the plaintiff, or to his father and natural guardian, for his use and benefit. The proof in the case being that the boy was given verbally by the appellee to his son, Samuel Nickerson, until his grandson, the plaintiff, should arrive at age, when he was to belong to him, and the plaintiff maintaining that there was a sufficient delivery under the statute to make the gift valid, it is clear that an instruction which required the jury to find that the possession of Samuel or John S. Nickerson was *exclusive*, was calculated to mislead (as it did, in fact, mislead) them, and made it impossible for the plaintiff to recover. The gift was to *both* of them—to the son until the grandson arrived at age, and then to him. Now, the negro boy was never delivered to the *sole* use and possession of either of the donees, but the gift was to each of them *successively*, and the instruction should have conformed to the evidence. It was, therefore, clearly erroneous, for this reason alone, as well as because it did not correctly announce the law relating to parol gifts of negroes, under the Act of 1763, chapter 13, as applied to the facts of this case, as will be shown under our third point.

The second prayer should also have been rejected. It declared that there could be no valid parol gift of a negro, unless the donees were actually present at the precise moment of the gift, although the jury might believe from the testimony that immediately thereafter, in pursuance of the gift, the negro went into the possession of the donees, who accepted him, and although the defendant had frequently afterwards, while the negro was in their possession, acknowledged and ratified the gift. The actual presence of the donee, at the precise moment of the gift, is not required by the statute nor by any of the decisions in which it is interpreted.

In considering the ruling of the Court upon the prayer offered by the plaintiff, it is conceded that the general principle, under the Act of 1763, ch. 13, is, that a parol gift of a

negro, to be valid, should be accompanied by delivery. The objection to this ruling is not that the general principle is not correctly stated, but that it is not accurately applied to the case, and does not present the whole law to the jury. If it be conceded, for the sake of the argument, that the prayer as originally presented was not strictly up to the standard required by some of the decisions of this Court, and that if the Court below had simply rejected it, its action might have been successfully vindicated, still, as the learned Judge undertook to modify it, he was bound, in so doing, to give to the jury the whole law of the case in terms explicit and intelligible, so that full justice might be done to the parties. *Keener vs. Harrod and Brooke,* 2 *Md. Rep.,* 74; *Snively and Keys vs. Fahnestock,* 18 *Md. Rep.,* 391.

The instruction as modified, covered but a part of the case, and was therefore erroneous. As we have said, the rule is that delivery must accompany such a parol gift; but in a case like the one under discussion, this does not require that delivery should be *eo instanti the words* of the gift are spoken; but if the negro be taken away by the donee as soon thereafter as the circumstances of the case allow, with the knowledge and consent of the donor, or if the donor himself make the actual delivery, the gift would be construed to be, and would be in fact and in law, a continuing gift up to the moment of actual delivery, assented to and confirmed by the donor up to that time—and he would certainly be precluded from questioning its validity. The delivery would be express and concurrent with the gift, and the requirements of the statute would be literally met. To hold otherwise, would be to require the actual presence of the donee at the precise moment of the gift, which, as we think, can hardly be the correct law upon the subject—and would moreover be not within the mischief intended to be guarded against by the statute.

The Court below, while undertaking to modify the prayer of the plaintiff, should have given to the jury the whole law,

and have therefore added to the instructions a clause to the effect, that the circumstances of the boy being seen in the possession of the father of the plaintiff so soon after the gift, and the repeated acknowledgments and recognitions of the gift by the donor, were evidence from which they might infer that possession had been delivered at the time of the gift and in pursuance of it.

It is to be borne in mind that this is not a controversy between the donee and a creditor of the donor, but between the parties themselves to the gift, and is to be governed by the principles applicable to such a case. *Gough vs. Edelen,* 5 *Gill,* 101; *Isaac vs. Williams,* 3 *Gill,* 279; *Steuart vs. Williams,* 3 *Md. Rep.,* 425; *Waring's Adm'r vs. Edmonds,* 11 *Md. Rep.,* 424; *Worthington and Anderson vs. Shipley,* 5 *Gill,* 455; *Anderson and Worthington vs. Hammond,* 5 *Gill,* 462; *Bowie's Ex'r vs. Bowie,* 1 *Md. Rep.,* 98; *Chew's Adm'r vs. Beall,* 13 *Md. Rep.,* 360; *McClellan and Wife vs. Kennedy, et al.,* 8 *Md. Rep.,* 251.

No counsel appeared for the appellee.

ALVEY, J., delivered the opinion of this Court.

This was an action of *trover,* instituted by the appellant against the appellee, for the conversion of a negro servant, alleged to be the property of the appellant, acquired by a parol gift from the appellee. The case was tried on the general issue plea of not guilty; and at the trial the appellant took three exceptions to the rulings of the Court. Two of the exceptions were taken to the granting of prayers at the instance of the appellee, and the other to the modification of a prayer propounded by the appellant. And the sole question raised by these prayers is as to the legal sufficiency of the supposed gift to pass the property in the servant. And we think, upon examination of the several prayers, that the Court below committed no error in its rulings in reference to them. The case was as fairly and as fully placed before

the jury, by the prayer of the appellant, as modified by the Court, as the appellant could rightfully ask, and as the facts of the case would justify. Apart from the Act of 1763, ch. 13, which had exclusive reference to gifts of slaves, the law of gifts *inter vivos*, is plain and well settled. A mere intention, or naked promise to give, without some act to transfer the possession, will not amount to a gift. To complete the investiture of title, there must be the mutual consent and concurrent will of both donor and donee, or trustee or guardian acting for the donee, in the acceptance of the gift. To be valid, such gifts can have no reference to the future, but must go into immediate and absolute effect. To the perfection of a parol gift of a chattel, delivery is essential, and without actual delivery no title passes. Delivery, to be effectual, must be according to the nature and character of the thing given. There must be a parting by the donor with the legal power and dominion over it; for if he retain the dominion, or if a *locus penitentiæ* remain to him, there can be no legal and perfect donation. *Pennington vs. Gittings*, 2 *Gill & John.*, 208. By the Act of 1763, ch. 13, a gift of a negro was only required to be by deed, acknowledged and recorded, where the doner retained possession; but, in the *proviso* of that statute, it was expressly declared that nothing therein contained should be construed to make void any parol gift of any negro or other slave, where there should be an *express delivery* of such slave *in pursuance* of such gift, and where the *sole use and possession* of the same should be transferred to the donee. Thus recognizing as applicable, and applying, the general rules of the common law, governing parol gifts of other chattels, to the case of parol gifts of negro slaves. It is equally essential, therefore, under this statute, as under the common law rules before stated, that there should be an express delivery of the property *at the time*, and *in pursuance* of the gift.

And this is the established construction of this Act of 1763. *Worthington and Anderson vs. Shipley*, 5 *Gill*, 449; *Anderson and Worthington vs. Hammond*, 5 *Gill*, 461. We therefore

think the Court below was right in requiring the jury to find, before rendering a verdict for the appellant, in addition to the *factum* of the gift, that there was actual delivery of the negro at the time, and in pursuance of the gift; and we can perceive nothing in the appellee's prayers calculated to mislead the jury in this respect. Under the instruction given, the jury were at liberty to infer the actual delivery, as well as find the *factum* of the gift, to the appellant, or to the father for him; and, failing so to do, we can see no good reason for disturbing their verdict. The judgment appealed from must therefore be affirmed.

*Judgment affirmed.*

.(Decided 28th February, 1868.)