[No. 655.  Decided January 6, 1893.]

GEORGE W. CRANE, *Appellant*, v. DEXTER HORTON & Co., *Bankers, Respondent.*

APPEAL — HARMLESS ERROR — EVIDENCE — RELEVANCY — PHOTO-
GRAPHS OF SIGNATURES — PAYMENT OF FORGED CHECK.

Irrelevant testimony admitted over objection will not justify a reversal when it does not appear to be in any way prejudicial to the appellant.

Where the issue in an action is as to whether or not a certain check given to a woman was a forgery, testimony on the part of the woman is admissible showing how the acquaintance between herself and the alleged maker of the check commenced and progressed until it ended in criminal intercourse between them, which was discovered by her husband and for which the check had been given as remuneration, as a large latitude is allowed in the matter of admitting testimony to show the relations of the parties where forgery is charged.

Where the disputed signature of a check is in court as well as five hundred genuine ones, it is not error for the court to reject photographs of the disputed signature and certain genuine signatures taken side by side which were offered in evidence.

In an action against a bank to recover for the payment of a check alleged to be forged it is not error to charge that a bank need not regard the hand writing in the body of the check it pays, but must look to the signature alone.

*Appeal from Superior Court, King County.*

*Preston, Carr & Preston,* for appellant.
*Blaine & DeVries,* for respondent.

The opinion of the court was delivered by

STILES, J.—The respondent bank had upon it the burden of showing that the check for $600, which it had paid as the genuine check of the appellant, was in fact his check. The payee of the check, a married woman, was called as a witness and testified to the fact that the check was signed by appellant in her presence, and immediately delivered to her. The check was not payable until six months after its date; at the end of that time she presented it and received the amount it called for from the respondent.

Some questions were asked her about the amount of property she had at the time the check was made and paid, which were without any earthly relevancy to the case. These the court allowed, and much stress is laid upon the error thus committed. But it is impossible to see how the testimony could have had any effect upon the jury one way or the other. Its admission would not justify a reversal.

The next error assigned is that of admitting the testimony of the same witness showing how the acquaintance between herself and appellant commenced and progressed until it ended in criminal intercourse between them, which was discovered by her husband and was remunerated by the delivery of the check in question. The case resolved itself into a pure question of forgery, appellant asserting that he had never signed the check, and the bank contending that he had. There was enough dissimilarity between the check and some five hundred others which were admitted to be genuine, which were produced, to raise a serious doubt whether it was not a forgery. If forged, the payee was clearly the forger, or the knowing utterer of the

instrument. Thus a sharp issue was before the jury, and it was not error for the court to admit evidence tending to show a state of things which would render it probable that this man should have given this woman a check. There were some entirely unnecessary details, but upon the whole we are not satisfied that any prejudicial matters went to the jury. When there is a charge of fraud in the procurement of a note, bond, bill, check, etc., or of forgery in its execution, a very large latitude is allowed to courts in the matter of admitting testimony to show the relations of the parties. *Robb v. Mann*, 11 Pa. St. 300; *Olmsted v. Hoyt*, 11 Conn. 375; *Burkholder v. Plank*, 69 Pa. St. 225.

The appellant had caused photographs of the disputed signature and of certain genuine signatures to be made on paper, so that all the signatures were close together. These the court rejected as immaterial and irrelevant. Photography has come to be a well recognized aid to judicial investigation; but there would seem to be no call for its use in such a case as the present one. The disputed signature was present, as were also some five hundred concededly genuine ones, so that some regard for convenience of comparison could be the only object to be gained. Where, as in *Luco v. United States*, 23 How. 515, the genuine signatures to be compared are so situated that they cannot be brought into court, or cannot be taken to an appellate court, the photograph becomes an almost perfect substitute for the original, and if taken with proper care is always received. *Leathers v. Salvor, etc., Co.*, 2 Woods, 680; Rogers, Expert Testimony, § 140.

Certain enlarged copies or magnified photographs of the same signatures were also offered, and they were rejected, because upon examination of the photographs, the court decided that they had not been made with the requisite care. We cannot undertake to reverse this ruling of the court, which was probably based somewhat upon the ap-

pearance of· the photographs themselves, because the cop-
ies are not in the record, they having been lost.

Complaint is made of several of the court's charges.
The charge, taken as a whole, was perfectly fair, and gave
to the jury clearly the real issues they were to determine.
The alleged errors are more in the nature of verbal criti-
cisms than substantial objections.  The imagination must
be drawn upon to argue prejudice from the court's telling
the jury that interested witnesses are less likely to be hon-
est and fair than those who are disinterested; or, that one
who saw a man sign a check was a better witness of the
fact of signing than a mere expert in handwriting who did
not see the signing.   Nor was there error in charging that
a bank need not regard the handwriting in the body of the
check it pays, but must know that of the signature only.
*Redington v. Woods*, 45 Cal. 406.

Several errors suggested do not seem to have existed, as
the record shows the transactions.

Judgment affirmed.

ANDERS, C. J., and SCOTT and DUNBAR, JJ., concur.

HOYT, J., not sitting.