(87 Misc. Rep. 297)

### LEVINE v. KASS.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. BANKS AND BANKING (§ 154\*)—ACTIONS FOR DEPOSITS—BURDEN OF PROOF —FORGERY.

    In an action for an unpaid balance due to a bank depositor, where plaintiff, instead of proving the amount of his credit and of the checks drawn by him, offered evidence solely as to the payment by the bank of one check, which he claimed was forged, the plaintiff assumed the burden of proving the forgery, and an instruction that the bank must prove that the check was genuine was erroneous.

    [Ed. Note.—For other cases, set Banks and Banking, Cent. Dig. §§ 502–512, 515, 516, 518–533; Dec. Dig. § 154.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. APPEAL AND ERROR (§ 1064*)—HARMLESS ERROR—INSTRUCTIONS—BURDEN OF PROOF.

　　Where the case was closely contested, the error in an instruction as to the burden of proof may have materially affected the verdict, and therefore requires a reversal.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. § 1064.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Max S. Levine against Abraham L. Kass. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein, of New York City, of counsel), for appellant.

Jacob W. Block, of New York City, for respondent.

SEABURY, J. The plaintiff's complaint alleged that he was a depositor in defendant's banking house, and that it was agreed between himself and defendant that defendant should pay out money deposited by plaintiff upon checks drawn by him. It further alleged that on February 14, 1914, the defendant wrongfully withheld from plaintiff the sum of $125, being part of the amount deposited by plaintiff. The answer was a general denial. Upon the trial the plaintiff attempted to prove the amount of his deposits and the amount of his withdrawals, but abandoned such attempt, and upon being shown by his counsel a certain check for the sum of $125, which the defendant conceded was deducted from plaintiff's account, testified that he did not sign such check. This issue was tendered by the plaintiff, and he has recovered a judgment. The defendant appeals, and concedes that there was a sharp conflict of evidence, but claims there was reversible error committed by the justice's charge to the jury.

[1, 2] It will be observed that the plaintiff first set out to prove the amount of his deposits and the amount of the checks issued against them, thus leaving upon the defendant the onus of proving payments of the entire amount of the deposits. Had the plaintiff not abandoned this method, the burden of showing payment would undoubtedly have rested upon the defendant. The plaintiff's counsel, however, stated, "Well, we will consider only this check here," and then showed by the plaintiff that the signature thereon was not genuine. If the testimony that the check was a forged one be eliminated from the record, there would be no cause of action proven against the defendant, as there is no proof that the plaintiff had a balance remaining. Quite regardless of the rules of evidence that might apply to an action involving the facts disclosed in this case, the parties may formulate the issues in a manner agreeable to themselves, and thus by this procedure the plaintiff assumed the burden of proving that the check was forged. The court charged that the burden of proving that the check bore the genuine signature of the plaintiff was upon the defendant, and to this

portion of the charge the defendant duly excepted; the court then saying, "Yes, I so charged, and you may have an exception on the record." This was error, and in a case so closely contested as this may have materially affected the finding of the jury.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.