ANGIE C. MANUEL, Admx., v. SOUTHERN RAILROAD COMPANY.

(Filed 12 November, 1924.)

1. **New Trials—Newly Discovered Evidence—Motions.**

    *Held,* in this case, the affidavits filed on motion for a new trial in the Supreme Court for newly discovered evidence, are insufficient.

2. **Carriers — Railroads — Negligence — Contributory Negligence — Evidence—Nonsuit.**

    Evidence in this case that plaintiff's intestate was killed on a dark night by defendant's train approaching without light or warning, while crossing its track, raised issues as to defendant's negligence, and the contributory negligence of the intestate, and defendant's motions to nonsuit after the close of the plaintiff's evidence and renewed after the close of all the evidence, were properly denied.

APPEAL by defendant from *Bryson, J.,* at August Term, 1924, of GUILFORD.

Civil action to recover damages for an alleged negligent injury, resulting in the death of plaintiff's intestate.

Upon denial of liability and the usual issues of negligence, contributory negligence and damages, being submitted to the jury, there was a verdict and judgment for the plaintiff. Defendant appeals, assigning errors.

*H. A. Jones and R. C. Strudwick for plaintiff.*
*Wilson & Frazier for defendant.*

STACY, J.  The defendant, *in limine*, lodged a motion for a new trial on the ground of newly discovered evidence.  It is alleged that the information which the defendant considers vital and important to its defense, came to its attention after the adjournment of the term of court at which the case was tried, and after the appeal was docketed here.  *Allen v. Gooding*, 174 N. C., 271.  From an examination of the affidavits filed by both sides in support and denial of said motion, we are of opinion that it must be overruled.  The showing made in this respect falls short of the requirements laid down in *Johnson v. R. R.*, 163 N. C., p. 453.

There is evidence on the record tending to show that plaintiff's intestate was killed on the night of 9 October, 1922, "at a place designated as 12th Street where it crosses the railroad" in the village of White Oak, near Greensboro, N. C.  The deceased was a resident of said village, lived on Spruce Street, near the tracks of defendant company, and had gone across the railroad to an ice-house to get some ice for use in his home.  On his return and as he was crossing the railroad he was struck by defendant's passenger train No. 35 and killed.  There was evidence that the train was running without a headlight; that it gave no warning or signal of its approach; and that it was moving at a rapid rate of speed.  It was a dark, rainy night.

The evidence for the defendant was quite different from that offered by the plaintiff.  It tended to exculpate the defendant from all liability and to show that plaintiff's intestate was guilty of contributory negligence; but the crucial facts have been resolved by the jury in favor of plaintiff's claim.  On the evidence, the case was properly submitted to the jury.  The trial court was correct in overruling the defendant's motion for judgment as of nonsuit, entered at the close of plaintiff's evidence and renewed at the close of all the evidence.  On motion to nonsuit, the evidence must be taken in its most favorable light for the plaintiff, and she is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom.  *Oil Co. v. Hunt*, 187 N. C., 157; *Christman v. Hilliard*, 167 N. C., 4.

The instant case is not unlike *Morrow v. R. R.,* 147 N. C., 623, where a pedestrian was using the railroad track as a walkway in the town of Hickory, at a place where it was customary so to use the track, and was struck by a train in the night time and injured. There was evidence tending to show that the engine in question had no lights and had given no signal or warning of any kind. Under these circumstances, it was held that the question of contributory negligence was one for the jury. This case was approved in principle in *Norris v. R. R.,* 152 N. C., 512.

In these and other like decisions, the pedestrian, by default of the railroad company, was placed in a position where "to look and to listen," the ordinary way that the average man avoids the danger in such instances, was not likely to avail him, and the cases were therefore excepted from the doctrine announced in *Neal v. R. R.,* 126 N. C., 634, *Exum v. R. R.,* 154 N. C., 413, and many others, all of which are reviewed in a valuable and discriminating opinion by the present *Chief Justice* in the recent case of *Davis v. R. R.,* 187 N. C., 147.

A careful perusal of the record leaves us with the impression that the case has been tried substantially in agreement with the law bearing on the subject, and we have discovered no ruling or action on the part of the trial court which we apprehend should be held for reversible or prejudicial error. The verdict and judgment will be upheld.

No error.