### HARVEY BONEY v. BANK OF ROSE HILL.

(Filed 14 October, 1925.)

APPEAL by defendant from *Devin, J.,* at January Term, 1924, of DUPLIN. No error.

During the year 1921 plaintiff was a depositor of defendant bank. From time to time he made deposits in and drew checks on said bank. These checks were paid by defendant and charged to plaintiff's account. He alleges that the balance due him on said account was $2,841.50; that he has demanded of defendant payment of this sum and that defendant has refused to pay the same. Defendant denies that there is any sum due plaintiff as balance on his account.

The controversy involves certain checks which defendant paid and charged to plaintiff's account. These checks were signed "Harvey Boney, J. A. B." Plaintiff contends that he did not sign or authorize any one else to sign these checks and that defendant is not entitled to credit for same. Defendant contends that the sums paid for these checks were proper credit on its account with plaintiff.

Plaintiff offered evidence tending to sustain his contention. Defendant offered no evidence. Upon the verdict, judgment was rendered that plaintiff recover of defendant the sum of $2,841.50 with interest from 15 November, 1923, and costs. From this judgment defendant appealed, assigning errors in the admission of testimony and in instructions to the jury.

*Stevens, Beasley & Stevens for plaintiff.*
*O. B. Turner and Ward & Ward for defendant.*

PER CURIAM. Statement of the account between plaintiff and defendant, furnished to plaintiff by defendant, were competent evidence upon the trial of the issue; exceptions to the admission of such statements by defendant cannot be sustained. Defendant relied upon the checks which it had returned to plaintiff, with the statements, as credits on the account; its exceptions to the admission of these checks as evidence must therefore be overruled.

Assignments of error based upon exceptions to instructions given the jury by the court in its charge cannot be sustained. The burden of the issue was upon plaintiff but, when he had offered evidence showing the amount of the deposits and the balance due after crediting defendant with checks which plaintiff admitted he had signed, it was incumbent on defendant to offer evidence that payments made on the checks in controversy were proper credits on the account. There was no error in charging the jury that if they found the facts to be as testified and as shown by the evidence, they should answer the issue, "$2,841.50 with interest from 15 November, 1923."

Since the docketing of this case in this Court, upon appeal, defendant has moved for a new trial upon newly discovered evidence. We have examined the affidavits filed in support of this motion with care. The checks in controversy were signed in plaintiff's name by J. A. Bannerman, at the time cashier of defendant bank. J. A. Bannerman thereafter became incapacitated, physically and mentally, and died before the trial of the action. The newly discovered evidence, as set out in the affidavits, tends to show that Bannerman made deposits to plaintiff's credit, in excess of the aggregate amount of the checks drawn by him in plaintiff's name and charged to the account. It fails to show, however, any authority from plaintiff to Bannerman to sign his name to checks on his account; nor does it show any relationship between plaintiff and Bannerman with respect to this account from which such authority could be found by a jury. The fact alone that Bannerman deposited funds to plaintiff's credit, notwithstanding the source of the funds, did not authorize him to check in plaintiff's name on the account; nor did it authorize defendant to pay said checks. It does not appear from the affidavits that upon a new trial of the issue, the evidence relied upon by defendant would establish Bannerman's authority to sign plaintiff's name to checks on his individual account. Defendant's situation with respect to these checks is unfortunate, but the evidence discovered since the trial is not such as to entitle defendant to a new trial under the rules of this Court. *Johnson v. R. R.,* 163 N. C., 454; *Manuel v. R. R.,* 188 N. C., 559. The motion must be denied. There is

No error.