FOURTH & CENT. TR. CO. v. JOHNSON, Jr.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2949. Decided Jan. 3, 1927

941. PRACTICE & PROCEDURE—Where court puts forged checks into evidence, after requesting that either party do same which they refused, neither party can be heard to complain thereafter, unless exception was taken at the time the court did same.

547. FORGERY—The principle of agency, whereby the principal may ratify the unauthorized acts of his agent, does not apply to the alleged ratifications of a forged note; the act of the agent being voidable, may be ratified; the act of the forger being void cannot be ratified.

475. ESTOPPEL — Where estoppel is claimed as a defense against a forgery, facts must be alleged to show one had duty and opportunity to speak and that the holder would rely on his silence.

First Publication of this Opinion

HAMILTON, J.

R. C. Johnson filed an action in the Hamilton Common Pleas, asking a judgment for money claimed to have been deposited by him in the Bank.

In substance, the petition is that Johnson had deposited at various times with the bank, to his credit, and subject to his order sums of money amounting to $2,202.70, no part of which had been withdrawn by him; that he demanded payment and that the bank refused payment and still continues to do so.

The answer admits all allegations except the amount and avers that Johnson had but $4.46 to his credit. The case was tried by jury which returned a verdict for the full amount as claimed in the petition.

Prior to this action, Johnson had moved his business to Colombus and practically closed out his account in Cincinnati, his book keeper being ill, Johnson discovered that some one had been sending checks to the Cincinnati bank and had been drawing on them, the total amount of said check being the amount claimed in the petition.

The Court of Appeals held:

1. The case was submitted to the jury on the issue of forgery. Evidence of forgery was objected to by the bank, as not being admissible under the pleadings. The bank claimed that the defense to the action was payment of the account; and that there being no reply denying this, it was entitled to judgment, and Johnson was not entitled to prove the forgeries of the checks.

2. At the time of the objection to this evidence, Johnson stated to the court that if a reply was necessary, he desired leave to file same, which leave was granted, but no reply was in fact filed.

3. Witnesses were interrogated by both parties concerning the checks in question, but neither party offered the same in evidence. Neither party wished to introduce the checks so the court put them in evidence.

4. The bank took no exception to the courts action in the matter, therefore they cannot now be heard to complain of this or any other evidence upon same, properly admitted.

5. The Bank argues that the court failed to charge their special request upon agency of the bookkeeper and that the court also omitted to do so in the general charge.

6. "The principle of agency whereby a principal may ratify the unauthorized acts of his agent, does not apply to alleged satisfaction of a forged note; the act of the agent being voidable, may be ratified; the act of the forger is void, and cannot be ratified." 33 OS. 405.

7. It is true, however, that while he might not, by any act or conduct on his part, ratify a forgery of his name so as to make the instrument a valid instrument, yet he might by his conduct or even by mere silence, estop himself from defending against the payment of the same on the ground that his signature was a forgery; but

before he can be estopped by mere silence facts must be alleged and proven showing a duty and opportunity to speak, that the party to be estopped knew, or had reason to believe, that the holder of the note would rely on his silence and that he did not rely on his silence and was injured thereby. Shinew v. First Nat. Bank, 84 OS. 297.

8. This disposes of both the question of agency and estoppel, since the facts do not show a duty and opportunity to speak on the part of Johnson, nor that the bank relied on his silence.

Judgment affirmed.

(Buchwalter, PJ., Cushing, J., concur.)

Attorneys—W. J. Reilly for Bank; Vorys, Sater, Seymour & Pease for Johnson; all of Cincinnati.