[Civ. No. 5136. Second Appellate District, Division One.—June 7th, 1928.]

E. A. GRISINGER, Appellant, v. THE GOLDEN STATE BANK OF LONG BEACH (a Corporation), Respondent.

Roscoe S. Wilkey and Nowland M. Reid for Appellant.

Underwood, Burke & Cree for Respondent.

HOUSER, J.—The question involved in this appeal relates to the liability of a bank to one of its depositors who, by a "stop-payment notice" to the bank, ordered the non-payment of a check theretofore drawn on his funds deposited in said bank—notwithstanding the fact that by a statement contained in such "stop-payment notice" the bank purportedly was relieved "from any liability in case of payment" of such check.

The facts appear to be that plaintiff had entered into an agreement with a finance company to the effect that if within a fixed time it should secure a loan of $50,000 for him he would pay to such finance company the sum of $1,500 as commission in compensation of its services in that regard. It was also agreed between such parties that plaintiff would deposit with the finance company his post-dated check in the sum of $1,500—apparently to be cashed on the consummation of the loan. However, before agreeing to deposit his check, plaintiff had a conversation with certain of the officers of the defendant bank who assured plaintiff that if for any reason he should desire to stop payment on his $1,500 check, he might do so by giving to the bank a notice to that effect. Several days before the time limit had expired, within which (according to the agreement) the finance company was to secure the loan of $50,000 for plaintiff, it became evident to plaintiff that the loan would not be consummated. Thereupon he went to the representative officers of the bank upon which his $1,500 check had been drawn and told them that, in accordance with previous conversations between them and him, he wished to stop payment on his $1,500 check, "and then and there directed said defendant bank not to pay said check, and that said defendant bank then and there presented to plaintiff for

his signature the following order in words and figures as follows, to wit:

"Golden State Bank

of Long Beach,

Long Beach, Calif.

Stop Payment

of check drawn by E. A. Grisinger, No.......Dated September 8th for $1500.00. Favor of.....................Date stopped 9/8/23. Time 10 a. m.

"I ask this as an act of courtesy only and hereby release you from any liability in case of payment or non-payment."

Plaintiff signed said notice. Thereafter, on presentation for payment of said check to said defendant bank, it caused to be stamped upon the face of said check the indorsement "Payment stopped, Sep. 11, 1923,"—notwithstanding which, on the same day, the defendant bank paid said check from funds in its possession belonging to plaintiff.

In the premises, a judgment for defendant was the result of an action brought by plaintiff against the defendant, and plaintiff appeals therefrom.

The case of *Hiroshima* v. *Bank of Italy,* 78 Cal. App. 362 [248 Pac. 947], is directly in point. In principle, it is there held that in circumstances such as are herein stated the bank should not be permitted to pay the check and thereafter escape liability to its drawer on the ground that stopping payment of the check was merely "an act of courtesy." In the Hiroshima case the statutes and authorities are reviewed and the reasons for the conclusion by the court are exhaustively stated. To here repeat the able argument there presented would serve no useful purpose. Suffice it to say that this court is in harmony with the conclusion there reached.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.