THE PROVIDENT SAVINGS BANK & TRUST CO. *v.* THE
WESTERN & SOUTHERN LIFE INS. CO.

(Decided June 8, 1931.)

*Messrs. Clark & Robinson,* for plaintiff in error.
*Mr. Clyde P. Johnson* and *Mr. Joseph O'Meara,
Jr.,* for defendant in error.

Ross, P. J. This case is presented to this court on error from the court of common pleas of Hamilton county, wherein judgment was rendered for the plaintiff insurance company.

The action was brought by the Western & Southern Life Insurance Company against the Provident Savings Bank & Trust Company praying for judgment for the total amount of fourteen checks, which it is alleged were wrongfully paid by the bank upon forged signatures of indorsers, and charged against the deposit of the insurance company in the bank.

The amended petition contains fourteen causes of action, each based upon an individual check.

The evidence shows that the insurance company had in its employ an agent by the name of Sadler, who in every case resulting in the drawing of the checks in question perpetrated a fraud upon the insurance company in the following manner:

A policy-holder for one reason or another ceased making payments upon his or her policy of life insurance. Sadler, the agent, made the payments of premiums to the company without disclosing the fact either to the policyholder or to the company. He by some artifice secured possession of the policies. He then made out the necessary proofs of death, including the affidavit of physicians and undertakers, whose signatures, with those of the beneficiary claimant, he forged. The papers were forwarded through the superintendent of the Evansville, Indiana, office of the company, and the checks in payment of the same were returned through this superintendent, who was induced by Sadler to turn them over to him for the beneficiaries under the policies. Sadler, the agent, then forged the names of the beneficiaries, who were persons then living, and secured payment of the checks from the Evansville Bank, which bank transmitted them to The First National Bank of Cincinnati, which bank in turn presented them to the Provident Savings Bank & Trust Company, where they were paid and charged to the account of the insurance company.

In no case had the insured died, and in some cases more than one loss was reported in a family. All of the policyholders fraudulently represented as deceased lived in Evansville, Indiana.

The negligence of the superintendent of the insurance company in Evansville is so gross as to

almost justify an inference of collusion on his part with Sadler, the agent.

The following stipulation was made by counsel for the parties to the action:

"It is stipulated by and between counsel for both parties as follows: When the checks which have been referred to in the testimony and introduced in evidence reached the drawee bank, namely, the defendant Provident Savings Bank and Trust Company, that Bank took the following steps with respect to said checks. It ascertained, first, that the drawer was one of its depositors; second, that the drawer had on deposit a sufficient sum to cover the checks; third, that the checks were not post-dated and that signatures purporting to be the endorsements of the payee or payees appeared on the reverse side thereof.

"It is further stipulated and agreed that the Provident Savings Bank and Trust Company made no inquiry or investigation as to the genuineness of the signatures of the payees on said checks, but as to the genuineness of said endorsements relied entirely upon the guarantee of the genuineness thereof of the First National Bank, Cincinnati, from which it received the checks, and the other banks through which said checks cleared in the ordinary course of business before arriving at the defendant bank, such reliance on the part of the Provident Bank being in accordance with established banking custom generally, and the custom and practices of the Cincinnati Clearing House in particular."

Immediately after the reading of the stipulation into the record, the plaintiff insurance company rested, whereupon the bank sought to introduce evi-

dence of the negligence of the insurance company. The court refused to permit it so to do, and instructed a verdict for the insurance company. In so doing, the court committed no error prejudicial to plaintiff in error. The stipulation recites that the bank relied entirely upon the guaranty of the First National Bank of Cincinnati from which it received the checks, having indorsed the same.

The bank, having stipulated this to be a fact, could not introduce evidence that it had relied on anything else.

Negligence alone on the part of the depositor is not enough. It must be such negligence as is the proximate cause of the bank's action in paying the check, acts constituting negligence upon which it relied to its damage.

The law in support of this rule is fully set out in a decision by this court in the case of *Fourth & Central Trust Company of Cincinnati* v. *Johnson, etc.,* 24 Ohio App., 129, 156 N. E., 462. The finding of this court in that case was not disturbed by the Supreme Court.

The judgment of the court of common pleas of Hamilton county is affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.