[S. F. No. 14713. In Bank.—March 20, 1933.]

PACIFIC STATES SAVINGS AND LOAN COMPANY (a Building and Loan Association), Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY, Respondent.

Orrick, Palmer & Dahlquist for Petitioner.

O'Melveny, Tuller & Myers, Paul Fussell, Homer I. Mitchell, Thomas M. Gannon and Roland Tognazzini, as *Amici Curiae* on Behalf of Petitioner.

Herman Boyarsky and Emile Grossman for Respondent.

Louttit & Marceau, Nutter & Rutherford and A. P. Hayne as *Amici Curiae* on Behalf of Respondent.

THE COURT.—This is a petition for a writ of prohibition to restrain the respondent court from taking further action in an injunction suit entitled *Joseph Emanuel and Ethel*

*Emanuel, Plaintiffs,* v. *Pacific States Savings and Loan Company, Defendant,* No. 123,879, pending in said court. The present matter is submitted on a general demurrer to the petition.

The plaintiffs in said action are husband and wife. On January 6, 1930, they made a payment of $1,020 to the petitioner and received from it one six per cent cumulative investment certificate, No. 2017. Thereafter and until January 2, 1931, payments were made on the principal. On January 5, 1932, the value of the certificate, principal and interest, was $2,873.34. On April 12, 1932, the Emanuels notified the petitioner in writing of their intention to withdraw $100. On April 22, 1932, they gave notice of withdrawal of the balance of the fund. The amounts specified in the notice were not paid at the expiration of thirty days from and after the second notice, whereupon, after demand and on May 31, 1932, the Emanuels commenced the action now pending in the respondent court. It was alleged in the complaint that the plaintiffs were entitled to withdraw the value of the investment certificate after the expiration of the thirty days from the notice of intention to withdraw, or if not so entitled, they had the right to have said notice registered; that the petitioner is not applying and will not apply one-half of the gross monthly receipts to the payment of withdrawals, and is applying its monthly receipts to the establishment of certain reserves for the payment of taxes, assessments, insurance, interest on its property loans, principal and interest on borrowings, interest on investment certificates, rent, compensation to officers, agents, salesmen and other employees, and other usual and ordinary operating expenses and that the sums so set aside exceed one-half of its gross monthly receipts. The prayer of the complaint is that the petitioner be enjoined from applying less than one-half of its gross monthly receipts to withdrawals of that month and be restrained from making payments of money to, and permitting withdrawals of money by, investors and depositors from their respective investment certificate accounts without regard to the order of the filing of notices of withdrawal and particularly without regard to the order of registering of the plaintiffs' notices of withdrawal.

Upon the filing of the complaint the respondent court issued an order to show cause why a preliminary injunction

should not be granted as prayed for in the complaint and set a date for the hearing of the order to show cause. Prior to the date set for said hearing the petitioner moved the respondent court to dismiss said action for want of jurisdiction. The motion was denied, whereupon the present proceeding was commenced to prevent the respondent court from taking further action in the pending case, including the hearing on the order to show cause.

The basis of the cause of action of the plaintiffs in the pending action is certain provisions of section 642 of the Civil Code in effect at the time the investment certificate was issued to them. The pertinent provisions of said section are as follows: "A stockholder, or investor,. desiring to withdraw from any such [building and loan] corporation or to surrender a part or all of his stock, or investment certificate, may do so by giving thirty days' notice, in writing, of his intention or desire to do so. On the expiration of such notice, he is entitled to receive the full amount paid upon the stock or investment certificate surrendered . . . ; but not more than one-half of the monthly receipts in any one month must be applied to withdrawals for that month, without the consent of the board of directors: . . . All withdrawals must be paid in succession in the order that the notices of intention are given. Whenever the demands of withdrawing stockholders or investors exceed the money applicable to their payment, the notices of intention to withdraw must be registered in the order of filing and payment thereon must be made in succession, in the order that such notices were filed and registered . . . "

In 1931 the legislature recast the law of this state with reference to building and loan associations, thereby providing a complete plan for the regulation, management and control of such associations. (Stats. 1931, p. 483.) By section 6.01 of the act it is provided that each association must provide by its by-laws, or by contract with certificate holders, or by both, the period of notice of intention to withdraw, which period shall not be less than thirty days nor more than six months. When withdrawal notices are filed, the claim, subject to provisions of the act not now necessary to mention, becomes a matured withdrawal claim, the payment of which is subject to the power of the association to make the same secondary and subsequent to certain reserves

for the payment of charges hereinbefore enumerated as contained in the allegations of the complaint.

It is the position of the plaintiffs in said action that the foregoing provisions of the enactment of 1931 are in violation of their contract rights which had become vested under section 642 of the Civil Code, notwithstanding the fact that said section 642 had been repealed and they had not filed their notice of withdrawal until the new statute had taken effect; and that if this be not so their rights under the old statute had been preserved under certain savings clauses contained in the new statute.

It is the contention of the petitioner herein that the rights of the Emanuels under the old law were inchoate and did not become vested by reason of the fact that they did not file their notices of intention to withdraw until after the new law took effect and that prior to the filing thereof the petitioner had amended its by-laws to require a six months' notice of intention to withdraw; that no contract or other rights were possessed by the Emanuels under the old statute and their investment certificate which were immune from the power of the legislature to change and curtail in the exercise of the police power; that the business of building and loan associations is affected with a public interest in connection with which the legislature may in the exercise of its lawful power provide for reserves to which the claims of investment certificate claimants may be made subordinate, especially in times of great economic stress, when, if the rule were otherwise, financial disaster might result to many of the 200 or more building and loan associations in this state, and to approximately 600,000 persons having investments therein of approximately $440,000,000.

When the alternative writ was issued herein we were impressed by the showing made on behalf of the petitioner. However, on further consideration of the matter we feel impelled to hold that this is not a proper case for the issuance of the peremptory writ.

As above indicated the cause pending in the respondent court is an action in equity. Under section 5 of article VI of the Constitution the trial court has original jurisdiction in such a cause. Jurisdiction is the power to hear and determine the cause. "Having jurisdiction of the parties and the subject matter of the action the respondent court has

the power to determine all questions of law and fact properly presentable under the issues tendered . . . The respondent court has jurisdiction to construe the provisions of the statute . . . and that jurisdiction in the first instance is full and complete." (*United Security etc. Co.* v. *Superior Court*, 207 Cal. 167, 174 [270 Pac. 184, 187].)

The petitioner may argue that no questions of fact are involved. But this is not so. Attached to the petition and made a part thereof is a copy of the first notice of intention to withdraw filed with the petitioner and dated April 12, 1932. Included in this notice above the signatures of the Emanuels is the following: "I claim all of the benefits of the Building and Loan Association Act of 1931, and in consideration thereof, I agree that my right to withdraw shall be at all times subject to the provisions of Article VI of said Act of 1931 and your by-laws in conformance therewith, as if said act of 1931 and said by-laws had been in effect at the time of the issuance of said certificates." This waiver is defensive matter in the superior court action. If it be given the effect imported by its terms, the question of the effect of the old statute on the original investment certificate contract is out of the case and there would seem to be no occasion to pass upon the effect of the new law on contracts entered into by the Emanuels under the old law. The effect of the waiver, if interposed as a defense, is a matter which the trial court should first decide, taking into consideration the circumstances surrounding its execution. The cases of *Hiroshima* v. *Bank of Italy,* 78 Cal. App. 362 [248 Pac. 947], and *Grisinger* v. *Golden State Bank,* 92 Cal. App. 443 [268 Pac. 425], are not determinative, as matter of law, of the rights of the parties in this regard. Likewise all questions of law arising under the terms of the act, applicable to the terms of the waiver and otherwise in connection with the claims of the petitioner herein, are within the jurisdiction of the trial court to decide.

It is not alleged in the petition herein that the respondent court will, unless restrained, issue a temporary injunction against the petitioner. It is merely alleged that the court threatens to proceed with the hearing of the order to show cause, and thereafter with the trial of the action; and that said court will thereby proceed in excess of its jurisdiction in interfering at the instance of the plaintiffs

in said action with the petitioner's conduct of its business. No temporary restraining order was issued upon the issuance of the order to show cause, and it must be assumed that the respondent court will give due consideration to the contentions of the parties in the pending action. Certainly it has jurisdiction to pass upon all questions of law presented and all questions of fact which may be interposed as a defense in said action. To prohibit the respondent court from proceeding under the circumstances here disclosed would be an unwarranted interference with its functions in the exercise of its original equity jurisdiction.

The peremptory writ is denied.