SALLIE H. JONES, ADMINISTRATRIX C. T. A. OF THE LAST WILL AND TESTAMENT OF S. V. PICKENS, DECEASED, AND AS COMMISSIONER APPOINTED BY THE COURT, v. C. S. FULLBRIGHT AND MICHAEL SCHENCK, EXECUTORS OF THE LAST WILL AND TESTAMENT OF CORNELIA S. PICKENS, DECEASED.

(Filed 22 May, 1929.)

1. **Gifts A b—Certificate of deposit in husband's name, payable to husband's or wife's order is not gift inter vivos to wife.**

   A certificate of deposit issued by a bank in the name of the husband, payable to his or his wife's order on return of the certificate properly endorsed, creates an agency in the wife to withdraw the money which is revoked at the death of the husband, and does not operate as a gift *inter vivos.*

2. **Same—Deposit in name of husband, payable to order of husband or wife does not fall within provisions of C. S., 230.**

   The certificate of deposit by a bank in the name of the husband, payable to himself "or" his wife does not fall within the provisions of C. S., 230, the statute applying only where the deposit is made in the names of two persons and payable to either, nor can construing the word "or" as meaning "and" have the effect of creating a tenancy in common.

3. **Wills E b—Wife takes only life estate in personalty bequeathed to her for life with power of disposition during her life.**

   A bequest to the wife by her husband of all his personal property during her life, to dispose of as she may see fit, and such not disposed of to be sold after her death, with limitation over to his and her heirs, does not give the wife the power to dispose of any of the property by will.

4. **Same—Certificate of deposit in husband's name, payable to husband or wife, does not operate to enlarge life estate in personalty to her.**

   Where a certificate of deposit issued by a bank in effect creates an agency in the wife to withdraw the money during her husband's lifetime,

it cannot be held that the provisions in the husband's will bequeathing his personalty to her for life to dispose of as she pleased during her life, with limitation over, enlarges the wife's life estate or gives her the power of disposition by will.

APPEAL by defendants from *MacRae, Special Judge,* at March Term, 1929, of HENDERSON. Affirmed.

The material facts are admitted. S. V. Pickens died on 19 June, 1919, leaving a will in which he appointed as executrix his wife, Cornelia S. Pickens, who duly qualified as such on 28 July, 1919. On 26 April, 1919, S. V. Pickens deposited in the Citizens National Bank of Hendersonville the sum of $13,194.66, for which he received from the bank four certificates of deposit in the respective sums of $6,679.66, $5,315, $1,000, and $200. Each certificate was in the following form:

"THE CITIZENS NATIONAL BANK
of Hendersonville, N. C.

HENDERSONVILLE, N. C., 26 April, 1919.
*The Citizens National Bank.*

This is to certify that S. V. Pickens has deposited in this bank six thousand, six hundred seventy-nine dollars sixty-six cents ($6,679.66). Not subject to check. Payable to the order of self or Cornelia S. Pickens, his wife, on the return of this certificate properly endorsed with interest at the rate of 4 per cent per annum if left on deposit three months or longer. Interest to cease after twelve months unless renewed. No. 3424.                    C. S. FULLBRIGHT, *Cashier.*"

Cornelia S. Pickens as executrix collected from the bank $13,332.50, the face of the certificates with interest. She claimed one-half this amount ($6,666.25) as her individual property because the certificates were "payable to the order of self or Cornelia S. Pickens, his wife," and charged herself as executrix with the other half. Out of the half with which she thus charged herself she paid claims against her husband's estate, the costs of administration, $1,000 for the gravestone, $50 as a legacy to John C. Pickens, aggregating $3,819.33, leaving of this fund $2,846.42. She placed this balance, together with $1,016.66, which she had received from other securities, with the $6,666.25 which she claimed independently of the will, making a total of $10,529.33. During her lifetime she used all this sum except $3,200, with which she bought sixteen shares of the capital stock of the Citizens National Bank of Hendersonville, at $200 a share, issued in her name.

At the time of his death S. V. Pickens owned sixteen shares of the capital stock of this bank, and Mrs. Pickens as executrix caused these

shares to be transferred from his name to hers on 13 December, 1921. The estate of S. V. Pickens has no other personal property.

. Cornelia S. Pickens died 7 January, 1928, leaving a will in which the defendants were named as her executors. They qualified on 10 January, 1928. In her will she devised and bequeathed real and personal property. The plaintiff qualified as administratrix *c. t. a.* of S. V. Pickens on 14 November, 1928, and was appointed commissioner on 19 January, 1929, pursuant to a provision in the fourth item of his will. The fourth and fifth paragraphs of his will are as follows:·

"4th. I hereby give and bequeath unto my dear wife, Cornelia S. Pickens, for her natural life all my personal property of whatsoever kind, not specifically and otherwise disposed of in this will, either hereinbefore or hereafter; to be used and disposed of by her as she may see fit during life, but whatever of this said personal property bequest, the proceeds thereof & of the cash hereinafter specifically given her, on hand at her death and the proceeds of the same not disposed of by her before death, shall be collected and sold for cash by a commissioner appointed by the Superior Court of Henderson County without unnecessary delay and after payment of the necessary expenses pay the balance one-half to the heirs of my said present wife and one-half to the heirs of my sisters Rachel Wild and Elizabeth Wild—both dead—½ to each set.

"5th. I also give and bequeath to my dear wife, Cornelia S. Pickens, of the cash on hand and in the banks the sum of eight thousand dollars to include the bal of $1,000 due on the Hurt mortgage and note in which she is named as a party and as a survivor owns it. The cost of stone for grave to be credited on this bequest to her. She my said wife, Cornelia S. Pickens accepts the gifts, bequests &tc. contained in this will with all its conditions in lieu of and in full satisfaction of dower and all other claims by reason of our relation as man and wife not specified."

The plaintiff contends that the bank stock belongs to the estate of S. V. Pickens and the defendants contend that it belongs to the estate of Cornelia S. Pickens. Judge MacRae held that the plaintiff in her capacity as executrix and commissioner is the owner of the thirty-two shares of the capital stock of the Citizens National Bank of Hendersonville and is entitled to recover them from the defendants. The defendants excepted and appealed.

*Shipman & Arledge for plaintiff.*
*G. H. Valentine for defendants.*

ADAMS, J. The ultimate question is whether the title to the thirty-two shares of stock in the Citizens National Bank of Hendersonville is in the plaintiff as the representative of S. V. Pickens or in the defend-

ants as the representatives of his wife. The answer depends upon the interpretation of the testator's will and the legal significance of the certificates of deposit.

The bank certified that S. V. Pickens had deposited the money and that it was "payable to the order of self or Cornelia S. Pickens, his wife." The defendants say (1) that in effect the deposits were made in the names of both the husband and the wife, were payable to either, and upon the death of the husband were payable to the wife without regard to any provision in the husband's will; or (2) if this position is unsound, that the word "or" should be construed to mean "and," thereby giving to the wife a one-half interest in all the deposits.

The appellants cite C. S., 230 as supporting their first contention; but this section applies only when the deposit is made "in the names of two persons, payable to either, or payable to either or the survivor." The certificates show that the deposits were made, not in the names of two persons, but in the name of S. V. Pickens only. Of more direct interest to the appellants is the question whether the subsequent clause in the certificates converts the deposits into a gift, in whole or in part, to the depositor's wife. S. V. Pickens having made the deposit in his own name is presumed in the absence of contradictory or inconsistent evidence to be the owner of the money. It remained his unless his wife obtained title to it or to a part of it by trust, gift, or bequest. It is not contended that a trust was created, but that the depositor intended the certificates, treated independently of his will, as a gift *inter vivos* to his wife.

In the cases relating to this subject there is a distinction between those in which the account was opened or placed in the names of the depositor and another and those in which a person other than the original owner was merely authorized to draw on the deposit. Cases discussing the effect of a joint deposit in the names of the original owner and another generally refer to those who open an account on the books of the bank as joint tenants or tenants in common of the fund. An interesting collection of decisions on this subject appears in the annotation subjoined to *Parrish v. Merchants & M. Sav. Bank,* L. R. A., 1917 C, 548, 550. In our case these decisions are not controlling for the reason that the deposit was made in the name of only one person—S. V. Pickens. The second class is illustrated by cases adhering to the principle enunciated in 3 R. C. L., 579: "Where a certificate of deposit is issued payable to the order of the depositor or his wife, it seems that after the depositor's death the wife cannot demand payment of the deposit upon a return of the certificate. The reason for this is that the title to the deposit is in the depositor, and the only right which the wife has to draw out the money is under the authority con-

ferred upon her by her husband, she acting as his agent. Her power being that of an agent merely, it is revoked by the death of her husband."

The principle was upheld many years ago by the Court of Appeals of Maryland in *Murray v. Cannon, Admrx.*, 41 Md., 466. There the entry on the books of the bank and in the book of deposit was as follows: "James Cannon, subject to his order, or to the order of Mary E. Cannon." Mary E. Cannon, the depositor's daughter, who afterwards became the wife of a Mr. Murray, claimed the money on deposit. She had acquired possession of the deposit book during the lifetime of James Cannon, and she contended that the entry in the books was evidence of her title. The Court, disapproving her position, used this language: "To perfect a gift, the delivery of a thing intended to be given is indispensable. 'There must be a parting by the donor with the legal power and dominion over it. If he retains the dominion, if there remains to him a *locus penitentiæ*, . . . there cannot be a perfect and legal donation, and that which is not a good and valid gift in law cannot be made good in equity.' *Patterson's Admr. v. Gittings' Exr.*, 2 G. & J., 217; *Nickerson v. Nickerson*, 28 Md., 327. The money in question was deposited in the Savings Bank to the credit of James Cannon, and so continued up to the time of his death. He retained dominion and control over it by the very terms of the account with the bank, and could at any time have drawn it out, or revoked the power given to Mary E. Cannon to obtain it upon her own order. If she had drawn out any portion of the money, she would have drawn it out as the money of James Cannon, acting in the matter as his agent, and by virtue of a then existing authority derived from him. This agency was revoked by his death, *Carey v. Dennis*, 13 Md., 18, and the bank properly refused to recognize it after that period."

The same conclusion was reached in *Second National Bank of Baltimore v. Wrightson, Ex'r*, 63 Md., 81. The certificate introduced in that case showed that Samuel Stines had deposited in the bank $1,000, payable to the order of himself or Ellen Stines, his wife, on the return of the certificate. It was adjudged that the certificate did not authorize the payment of the money to Ellen Stines after the death of Samuel Stines. The principle has been applied in other cases. *Lufkin v. Lufkin*, 90 Atl. (Me.), 493; *Wayne County and Home Sav. Bank v. Smith*, 160 N. W. (Mich.), 472.

The certificate was not a gift *inter vivos* of the deposit to Cornelia S. Pickens. "To constitute a gift of a bank deposit there must be an intention to give and the consummation of an intention by a delivery of, and a loss of dominion over, the property given." 30 C. J., 701, sec. 297. So far as the record discloses S. V. Pickens never abandoned control of the deposit or parted with the certificates. He appointed his

wife as his agent to withdraw the money on return of the certificate properly endorsed. The agency, which was not exercised in his lifetime, was revoked by his death. It follows that the agency cannot be converted into a tenancy in common by transforming the word "or" into "and," as contended by the appellant. *Smith v. Smith*, 190 N. C., 764, is therefore not in point.

It is contended by the appellants that without regard to the certificates, Mrs. Pickens acquired title to the personal property and the money described in the fourth and fifth paragraphs of the will because her husband bequeathed the property and the money with absolute power of disposition and that such bequest imports absolute ownership. This is denied by the plaintiff, who contends that Mrs. Pickens acquired only a life estate in the personal property, "not specifically and otherwise disposed of in the will." The accepted doctrine is this: "If an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the expressed limitation for life will control the operation of the power, and prevent it from enlarging the estate in fee." 4 Kent Com., 520, cited in *Chewning v. Mason*, 158 N. C., 578. This doctrine has been clearly stated in reference to both real and personal property in several of our decisions, among which are *Troy v. Troy*, 60 N. C., 624; *Chewning v. Mason, supra; Allen v. Smith*, 183 N. C., 222; *Roane v. Robinson*, 189 N. C., 628. See, also, *Roberts v. Saunders*, 192 N. C., 191. In *Long v. Waldraven*, 113 N. C., 337, the following clause in the will of John B. Doub was contested: "It is my will that after the death of my wife my estate shall be equally divided between the heirs of my brothers and sisters with the exception of one-third of my estate which I leave at the disposal of my wife to be left as she may will." The Court held that the testator's widow took a life estate in all the personalty with the power of disposing of one-third of it during her life, and that as she failed to make such disposition the personal property went to the heirs of the testator's brothers and sisters.

The fourth paragraph of testator's will gives to Mrs. Pickens for her natural life all his personal property not otherwise disposed of by preceding or subsequent clauses, to be used and disposed of by her during her life as she saw fit. But there was a direction that the proceeds of the personal property and of the cash referred to in paragraph 5 "not disposed of by her during her life" should be collected and sold for cash by a commissioner appointed by the court. We think it obvious that the testator thereby intended to give to his wife only a life estate in the personal property and in the cash described in paragraphs four and five of the will.

The appellants say in the next place that the power conferred upon Mrs. Pickens to dispose of these articles was exercised by her testamentary disposition of the property. This position is inconsistent with the direction in the fourth paragraph of her husband's will. The direction is that the personal property therein described not disposed of by her before her death shall be sold, and the cash referred to in the fifth paragraph not disposed of by her before her death shall be collected. The exercise of the power by the instrumentality of her will is thus expressly precluded. The judgment is

Affirmed.