J. H. NANNIE, MRS. C. N. ALLEN, W. R. NANNIE, AND MRS. ELIZABETH
FAISON, v. J. O. POLLARD, ADMINISTRATOR OF THE ESTATE OF T. J.
NANNIE, AND J. O. POLLARD, GUARDIAN FOR BESSIE NANNIE, WIDOW
OF T. J. NANNIE.

(Filed 1 November, 1933.)

**Banks and Banking C c: Gifts A a—Deposit by husband in name of husband and wife is property of husband with agency to wife to draw thereon.**

> A bank deposit made by a husband and entered on the records of the
> bank in the name of the husband or wife does not constitute a gift
> *inter vivos* to the wife, there being no delivery to the wife or loss of
> dominion over the property by the husband, and the title to the deposit
> remains in the husband, the wife having only the right to draw thereon
> as his agent, and upon his death her power of agency is revoked, and
> his administrator is entitled to the deposit to be distributed as an asset
> of the estate.

APPEAL by defendant, J. O. Pollard, guardian of Bessie M. Nannie,
from *Grady, J.,* at Second May Term, 1933, of PITT. Affirmed.

*Julius Brown for appellant.*
*J. B. James for appellee.*

ADAMS, J. In 1931 T. J. Nannie died intestate and J. O. Pollard
duly qualified as administrator of his estate. The plaintiffs are surviving
brothers and sisters of the deceased and Bessie Nannie, a minor, is his
widow and is represented by J. O. Pollard, her guardian.

The controversy relates to a bank deposit, the appellant contending
that he is entitled to the whole amount thereof in his representative
capacity as guardian of the widow. The judgment sets out as an ad-
mitted fact the statement that T. J. Nannie deposited $4,343 in the
savings department of the Bank of Farmville to the account of "T. J.
Nannie or Bessie M. Nannie." This continued to be the form of the
deposit up to and after the intestate's death. In the absence of rebutting
evidence the person making a deposit in a bank is deemed to be the
owner of the fund. The appeal therefore, brings up this case: A hus-
band deposited money in a bank which was entered upon the records of
the bank in the name of the husband or his wife; the husband died;
the wife survived. Is the widow entitled to the deposit?

The deposit did not constitute a gift to the wife *inter vivos.* To make
a gift of a bank deposit there must be not only an intention to give but
a delivery and loss of dominion over the property given. 30 C. J., 701,
sec. 297. The title to the deposit remained in the husband; hence the

only right the wife had to draw out the money was by virtue of the authority conferred upon her by her husband, she acting as his agent; and her power as agent was revoked by the death of her husband. 3 R. C. L., 579; *Jones v. Fullbright,* 197 N. C., 274.

The trial court adjudged that the administrator of the deceased is entitled to the deposit to be distributed as assets of the estate. We concur in the judgment.

Affirmed.