MRS. JENNIE W. REDMOND v. W. P. FARTHING, ADMINISTRATOR OF W. P.
REDMOND, SUBSTITUTED DEFENDANT FOR THE FIDELITY BANK OF
DURHAM.

(Filed 8 June, 1940.)

1. **Banks and Banking § 7a: Estates § 16: Pleadings § 28—Where all
facts necessary to constitute cause are not admitted, plaintiff is not
entitled to judgment on pleadings.**

This action was instituted by a widow against her husband's adminis-
trator to recover funds which had been deposited in a bank in his name
"or" her name. Defendant, while admitting that the funds represented
proceeds of sale of lands held by her and her husband by entirety, denied
that she had made the deposit and denied that she and her husband had
agreed that the survivor was to take the balance. *Held:* Plaintiff's motion
for judgment on the pleading was properly denied, since the account
cannot constitute a gift *inter vivos* for the reason that the husband did
not lose dominion over the property, and since, in the absence of rebut-
ting evidence, the person making a deposit is deemed the owner thereof,
and therefore upon the facts admitted the wife had authority to withdraw
the funds only as an agent, which agency and authority terminated upon
his death.

2. **Declaratory Judgment Act § 1—**

In an action instituted under the Declaratory Judgment Act the court
has no authority to instruct a litigant whether to take advantage of the
provisions of C. S., 1795 upon the hearing of the cause upon its merits,
since such instructions upon a question of procedure do not fall within
the purview of the act.

APPEAL by the plaintiff from *Williams, J.,* at April Term, 1940, of
DURHAM.

*Basil M. Watkins for plaintiff, appellant.*
*A. W. Kennon, Jr., for defendant, appellee.*

SCHENCK, J. This is an action brought by a widow to recover the
amount of a deposit in The Fidelity Bank of Durham which was in the
name of her deceased husband or herself at the time of her husband's
death. Under order of court the bank paid the amount of the deposit
into the office of the clerk of the Superior Court and W. P. Farthing,
the administrator of the husband, was substituted as defendant.

The plaintiff moved for judgment on the pleadings consisting of her
complaint and amended complaint and the answer of the administrator.

The allegations of the complaint admitted by the answer are to the
effect that W. P. Redmond died intestate on 7 July, 1939, leaving sur-
viving him a widow, the plaintiff, a brother, a sister and several nieces

and nephews, children of a deceased brother and sister, one of whom is a minor; that at the time of his death there was deposited in The Fidelity Bank of Durham a savings account in the amount of $6,552.22 in the following form: "In account with W. P. Redmond or Mrs. Jennie Redmond;" that deposits and withdrawals to and from this account had been made from time to time by W. P. Redmond since 1919, and that a large portion of the deposits was derived from the sale of personal property of the plaintiff and from lands held by her individually and by her and her husband as tenants by the entirety. It is alleged in the complaint that the last deposit to the account, $6,500.00 on 31 May, 1938, was made by the plaintiff, at which time there was in the account only $1,316.66. The answer does not admit all of this allegation, but only admits that the deposit was made, and denies that the plaintiff made the deposit.

The answer, while admitting some of the allegations of the complaint, denies others, and denies the allegation of an agreement existing between the plaintiff and her husband that the survivor was to take the balance of the deposit upon the death of one of them and asks that the court direct the defendant under the Declaratory Judgment Act as to whether he should take advantage of the provisions of C. S., 1795, in the trial of the action.

The court entered judgment denying the plaintiff's motion for judgment on the pleadings, and instructing the defendant in trial of the action not to waive any objections to any testimony of plaintiff in support of allegations with respect to transactions, agreements and communications between plaintiff and her deceased husband. To this judgment the plaintiff excepted and appealed to the Supreme Court, assigning errors.

That portion of the judgment denying the motion of the plaintiff for judgment on the pleadings must be affirmed, upon authority of what is said in *Nannie v. Pollard,* 205 N. C., 362: "In the absence of rebutting evidence the person making a deposit in a bank is deemed to be the owner of the fund. The appeal, therefore, brings up this case: A husband deposited money in a bank which was entered upon the records of the bank in the name of the husband or his wife; the husband died; the wife survived. Is the widow entitled to the deposit?

"The deposit did not constitute a gift to the wife *inter vivos.* To make a gift of a bank deposit there must be not only an intention to give but a delivery and loss of dominion over the property given. 30 C. J., 701, sec. 297. The title to the deposit remained in the husband; hence the only right the wife had to draw out the money was by virtue of the authority conferred upon her by her husband, she acting as his agent; and her power as agent was revoked by the death of her husband. 3 R. C. L., 579; *Jones v. Fullbright,* 197 N. C., 274."

The appellant in his brief virtually concedes that C. S., 230, in the light of *Jones v. Fullbright, supra,* and *Nannie v. Pollard, supra,* has no application to the case at bar in view of the fact that it appears from the admissions in the pleadings that the deceased husband made the deposits, and "in the absence of rebutting evidence, the person making the deposit in a bank is deemed to be the owner of the fund," and, nothing else appearing, the wife became only an agent of the depositor with authority to withdraw the funds, which agency and authority was terminated upon the death of her husband, and that "the agency cannot be converted into a tenancy in common by transforming the word 'or' into 'and.' "

The position taken in the plaintiff's brief that she is at least entitled to a judgment on the pleadings for the amount of the last deposit, $6,500.00, since such deposit was made by the plaintiff, cannot be sustained. A close reading of the pleadings reveals that while it is alleged that this deposit was made by the plaintiff, the only unqualified admission is that the deposit was made, and inferentially that the funds were derived from the sale of real estate which was held by the plaintiff and her husband by the entirety, but it is denied that the plaintiff made the deposit. Under such circumstances the motion for judgment on the pleadings was properly denied.

In so far as the judgment of the Superior Court assumes to instruct the defendant in the trial of the action not to waive any objections to any testimony of the plaintiff in respect to transactions, agreements and communications between her and her deceased husband, which he would have a right to make under C. S., 1795, we think it is in error.

The Declaratory Judgment Act, ch. 102, Acts 1931, N. C. Code of 1935 (Michie), sec. 628 (a), *et seq.,* does not confer upon one judge of the Superior Court the authority to advise a litigant upon a matter of procedure in another trial before another judge. The Declaratory Judgment Act provides that "courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations, whether or not further relief is or could be claimed." The instructions upon a question of procedure assumed to be given in the judgment below do not fall within the purview of the act. Whether it would be wise or expedient for the administrator to lodge objection to any testimony of the plaintiff relative to certain transactions, agreements and communications between her and her deceased husband, should be left open for determination in the light of the evidence adduced at the trial—the administrator bearing in mind at all times that he represents the interest of the next of kin of the deceased. Upon a trial of the action it may be expedient for the administrator to be examined in his own behalf or that the testimony of the deceased person be given in evidence

concerning such transactions, agreements and communications, and thereby to waive any inhibition made by C. S., 1795, against the testimony of the plaintiff concerning such subjects. The administrator should be at liberty to proceed in the trial untrammeled by any instructions upon such procedure. That portion of the judgment that assumes to instruct the administrator upon the question of waiving any rights that he might have under C. S., 1795, is stricken out.

The judgment below as modified is affirmed.

Modified and affirmed.