## GUS RUSSOS v. GEORGE R. BAILEY.

(Filed 14 April, 1948.)

**1. Appeal and Error § 10a—**

No case on appeal is required when the exceptions relied on by appellant are presented by the record proper.

**2. Same—**

The sole statutory means of vesting the Supreme Court with jurisdiction to review exceptions relating to alleged errors occurring during the progress of the trial in which oral testimony is offered is by "a case on appeal" or "case agreed," G. S., 1-282; G. S., 1-283, and unless so presented such exceptions are mere surplusage and must be treated as a nullity.

**3. Appeal and Error § 10d—**

An agreement as to the case on appeal must be signed by the parties or their counsel and appear of record. Rule of Practice in the Supreme Court, No. 32.

**4. Appeal and Error § 10e—**

A recitation by the court in the entries of appeal that the evidence should be included in the case on appeal is insufficient as a settlement of case on appeal where oral evidence has been offered, since such anticipatory order cannot settle or determine what evidence was adduced at the hearing.

**5. Same—**

The trial court is without authority to settle case on appeal until and unless there is a disagreement of counsel. G. S., 1-283.

**6. Appeal and Error § 40a—**

Where there is no case on appeal, exceptions relating to the oral testimony must be treated as a nullity, leaving only the exception to the judgment, which presents the sole question whether upon the facts found and admitted the court correctly applied the law.

**7. Same—**

A sole exception to the judgment cannot be sustained when the judgment is supported by the findings of fact.

**8. Specific Performance § 4—**

Where the facts found support the court's conclusions that there was a written memorandum of the contract of purchase and sale of lands within the contemplation of G. S., 22-2, and that it contained a sufficient description to admit of parol evidence which fully identified the land, the conclusions support decree for specific performance.

APPEAL by defendant from *Grady, Emergency Judge,* November Civil Term, 1947, WAKE.

Civil action to enforce specific performance of a contract of purchase and sale of real property.

Defendant, through an auction sales company, offered for sale at public auction certain lots in Raleigh, N. C. Plaintiff appeared at the sale and bid in three store lots and paid the required down payment of $3,000. Sometime thereafter defendant declined to make deed. Thereupon, plaintiff instituted this action to compel specific performance. Defendant, answering the complaint, pleads the statute of frauds.

When the cause came on for hearing in the court below, the parties waived trial by jury and agreed that the court might "hear the evidence, find the facts, and render judgment thereon, either in or out of Term, and out of the County, to have the same effect as if entered during the term." The court then proceeded to hear the evidence offered.

The court below found the facts and, upon the facts found, made certain conclusions of law. It, thereupon, on 4 January 1948, signed judgment, *nunc pro tunc,* decreeing specific performance of the contract. Defendant excepted and appealed.

*R. Roy Carter for plaintiff appellee.*
*J. L. Emanuel and Stanley Seligson for defendant appellant.*

Barnhill, J. While the record before us contains what purports to be the testimony offered at the hearing, together with certain exceptions thereto, this is not a proper part of the record. The assignments of error based on exceptions therein contained are not before us for consideration.

When the errors relied on by the appellant are presented by the record proper, no case on appeal is required. *Cressler v. Asheville,* 138 N. C., 482; *Peebles v. Braswell,* 107 N. C., 68; *Duckworth v. Duckworth,* 144 N. C., 620; *Privette v. Allen,* 227 N. C., 164, 41 S. E. (2d), 364, and cited cases.

On the other hand, exceptions which point out alleged errors occurring during the progress of a trial in which oral testimony is offered can be presented only through a "case on appeal" or "case agreed." *Cressler v. Asheville, supra.* This is the sole statutory means of vesting this Court with jurisdiction to hear the appeal. G. S., 1-282, 283; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602. Unless so presented, they are mere surplusage without force or effect, *Cressler v. Asheville, supra; Manufacturing Co. v. Simmons,* 97 N. C., 89; *Peebles v. Braswell, supra; Howell v. Jones,* 109 N. C., 102; *Parker Co. v. Bank,* 200 N. C., 441, 157 S. E., 419; *Rogers v. Asheville,* 182 N. C., 596, 109 S. E., 865, and "must be treated as a nullity." *Howell v. Jones, supra.*

"The Court will not recognize any agreement of counsel in any case unless the same shall appear in the record, or in writing, filed in the cause in this Court." Rule 32, Rules of Practice in the Supreme Court, 221 N. C., 565; *Manufacturing Co. v. Simmons, supra; S. v. Price,* 110 N. C., 599. When such agreement undertakes to settle the case on appeal or to state a case agreed, it must be signed by the parties or their counsel and appear of record.

It is true the judge, in the entries of appeal, undertook to settle the case on appeal and in so doing directed that "the evidence taken shall also be included." This is not sufficient, for neither he nor counsel has settled or determined what evidence was adduced at the hearing.

When oral evidence is offered, the judge cannot settle the case on appeal by an anticipatory order. Indeed, in such case, he has no authority to settle the case on appeal until and unless there is a disagreement of counsel. G. S., 1-283.

"As the record contains no statement of case on appeal, we are limited to the question whether there is error in the judgment . . ." *Parker Co. v. Bank, supra,* and cited cases; *Casualty Co. v. Green,* 200 N. C., 535, 157 S. E., 797; *Winchester v. Brotherhood of R. R. Trainmen,* 203 N. C., 735, 167 S. E., 49; *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579.

The exception to the judgment "presents the single question whether the facts found and admitted are sufficient to support the judgment, that is, whether the court correctly applied the law to the facts found. It is insufficient to bring up for review the findings of fact or the evidence upon which they are based." *Roach v. Pritchett, ante,* p. 747, and cases cited.

When the judgment entered is supported by the findings of fact, the judgment will be affirmed. *Rader v. Coach Co.,* 225 N. C., 537, 35 S. E. (2d), 609; *Roach v. Pritchett, supra.*

The court below concluded that there was a written memorandum of the contract of purchase and sale within the contemplation of the statute, G. S., 22-2; that it contains a description of the land sufficient "to admit of oral evidence to explain just what lands were intended to be sold;" and that the same has been fully identified. The facts found support these conclusions and the conclusions support the judgment entered.

As no error appears on the face of the record, the judgment below must be

Affirmed.