This was a hearing before his Honor on the return of respondents to awrit of certiorari, issued by Pittman, J., on 9 August, 1947, requiring the respondents to certify to the Superior Court of Anson County, N.C. a transcript of the proceedings in which the Mayor and Board of *Page 72 
Commissioners of the Town of McFarlan revoked the beer and wine licenses of each of the petitioners, on 17 July, 1947.
The petitioners challenged the correctness of the certified transcript on the ground that it was incomplete and erroneous. However, they did not lodge a motion for a new writ in order that a complete and accurate transcript of the proceedings before the Mayor and Board of Commissioners of the Town of McFarlan might be obtained. Instead, it appears that the trial Judge permitted them to supplement the certified transcript by oral testimony.
Whereupon, at the close of the hearing, the Court found the following facts: "That the record as certified by the Secretary to the Board of Commissioners of the Town of McFarlan, North Carolina, shows that the said Board had ample authority and evidence for the revocation of the beer and wine licenses issued to each of the petitioners and that each of the petitioners has violated the provisions of Section 514 of the Beverage Control Act; and the Court further finds that said writ of certiorari
should be dismissed," and entered judgment accordingly.
Petitioners appealed to the Supreme Court, and were allowed sixty days in which to make up and serve case on appeal, and the respondents were allowed forty days thereafter to serve countercase or exceptions.
It does not appear on this record that the purported case on appeal was served on the appellees, or that it was settled by agreement or otherwise.
"Exceptions which point out alleged errors occurring during the progress of a trial in which oral testimony is offered can be presented only through a `case on appeal' or `case agreed.' Cressler v. Asheville, supra
(138 N.C. 482, 51 S.E. 53)." Russos v. Bailey, 228 N.C. 783,47 S.E.2d 22.
Hence, the exception to the judgment presents the only question for consideration on the appeal. The judgment is supported by the findings of fact, and must, therefore, be upheld. Wilson v. Robinson, 224 N.C. 851,32 S.E.2d 601; Rader v. Coach Co., 225 N.C. 537, 35 S.E.2d 609;Fox v. Mills, Inc., 225 N.C. 580, 35 S.E.2d 869; Hughes v. Oliver,228 N.C. 680, 47 S.E.2d 6; Roach v. Pritchett, 228 N.C. 747,47 S.E.2d 20; Russos v. Bailey, supra; Western N.C. Conference v. Tally,ante, 1.
The judgment below is
Affirmed. *Page 73