TRAVIS HALL v. LUKIE ROGERS HALL, Administratrix of the Estate of JAMES EDWARD HALL; LUKIE ROGERS HALL, Individually, and the UNITED STATES FIDELITY & GUARANTY COMPANY.

(Filed 11 June, 1952.)

**1. Appeal and Error § 13c—**

*Certiorari* will not lie to bring up matter which was not a part of the record when it was certified to the Supreme Court.

**2. Appeal and Error § 10e—**

The trial court is without power to settle the case on appeal without notice to the adverse party or after the record has been certified to the Supreme Court.

**3. Same—**

Where oral evidence has been offered, the trial court is without power to settle the case on appeal by an anticipatory order.

**4. Same—**

The trial court has no power to settle the case on appeal when oral evidence has been offered until and unless there is a disagreement of counsel. G.S. 1-283.

**5. Appeal and Error § 10a—**

A "case on appeal" or a "case agreed" is the sole statutory method of vesting the Supreme Court with jurisdiction to review exceptions which point out errors occurring during the progress of a trial in which oral testimony is offered or which challenge the sufficiency of the evidence to support the facts found by the trial court, and unless so presented such exceptions are mere surplusage and are without force and effect and must be treated as a nullity.

**6. Appeal and Error § 31b—**

Where there is no case on appeal or case agreed, appellee's motion to dismiss must be allowed in respect to all exceptions and assignments of error other than those to the conclusions of law made on the facts found and to the judgment entered, but does not require a dismissal of the appeal, since appellants are entitled to be heard on the exceptions presented by the record proper.

**7. Appeal and Error § 6c (2)—**

Where there is no case on appeal or case agreed, review is limited to exceptions presented by the record proper and the judgment must be affirmed if it is supported by the findings of fact.

**8. Gifts § 1: Husband and Wife § 12a—**

Where a man has his deposit in a building and loan association changed upon his marriage from his name to the names of himself or wife, *held*

the effect is to constitute the wife an agent with authority to withdraw the funds during the lifetime of the husband, which agency is revoked by his death, and such change does not constitute a gift *inter vivos* to her.

**9. Same: Estates § 16—**

Upon his marriage, a husband had his deposit in a building and loan association changed to the names of himself or wife. The fact that he also signed a written subscription for blank shares of stock which when issued were to be held for the account of himself and wife with right of survivorship *held* not to warrant the Supreme Court in overruling the conclusion of law of the trial judge that there was no right of survivorship in the account, there being nothing on the face of the exhibit in conflict with the finding of the court that the subscription agreement was not executed for the purpose of transferring the account into a joint account, and there being no evidence of record that the agreement related to the existing account.

APPEAL by defendants from *Grady, Emergency Judge,* February-March Term, 1951, DURHAM. Judgment signed 20 December 1951 *nunc pro tunc.*

Civil action for an accounting by defendant administratrix.

On 17 June 1945, J. E. Hall and defendant Lukie Rogers Hall intermarried. At that time Hall had on deposit in the Home Building & Loan Association the sum of $2,012.50 plus an accrued dividend of $18.45. On 27 June, 1945, he and his wife went to the office of the Building & Loan Association and had the heading on the ledger sheet showing said deposit changed to read "J. E. Hall, or wife, Lukie R. Hall," and Hall's passbook was changed in the same manner.

While at the Building & Loan Association office, Hall and wife signed a paper writing purporting to be a subscription for ........ optional savings shares for the joint account of the subscribers.

On or about 3 December 1945, Hall deposited an additional $1,400 with the Building & Loan Association which was credited on the ledger sheet in the name of Hall and wife.

On 3 April 1946 Hall died intestate, leaving surviving one son, the plaintiff, and his widow, defendant Lukie Rogers Hall. His widow qualified as administratrix. At that time there was a balance, after deducting withdrawals, in the sum of $3,012.50. This sum was withdrawn by the administratrix and reported in her official inventory with the notation that she claimed it individually. In her final account this sum is listed as a disbursement to the *feme* defendant individually.

Plaintiff instituted this action for an accounting, alleging that all of said Building & Loan Association account money belonged to the estate and should be accounted for and disbursed as an asset of said estate.

When the cause came on for trial, the parties waived trial by jury and submitted evidence, both oral and by way of exhibits, to the judge to find

HALL v. HALL.

the facts, state his conclusions of law, and render judgment either in or out of term and district.

The judge, after hearing the evidence, found the facts in detail and made his conclusions of law—five in number. Upon the facts found and conclusions made, judgment was entered 20 December 1951 that plaintiff recover of defendants the sum of $1,119.20 with interest, which sum represents one-half of the net personal estate of *feme* defendant's intestate after deducting all proper disbursements, commissions, and expenses of administration. In arriving at said sum, the court took into consideration the Building & Loan Association account and treated it as an asset of the estate.

Defendants excepted and gave notice of appeal. Thereafter, on 25 April 1952, they filed with the clerk of this Court what purports to be a record on appeal including eleven exceptions to findings of facts and conclusions of law made by the judge for that such findings are either in conflict with the exhibits or are not supported by the evidence. Three additional exceptions are directed to the judgment or parts thereof. No case on appeal has ever been filed in the office of the clerk of the Superior Court or served on plaintiff or his counsel or settled by the parties.

Plaintiff, in due time, appeared and moved to dismiss the appeal for the failure to serve case on appeal and for that the cause is not properly constituted in this Court. The defendants countered by suggesting a diminution of the record and applying for a writ of *certiorari* to bring up a certificate of the trial judge dated 9 May 1952 and filed in the clerk's office 15 May 1952 in which he certifies "that the attached pages 25 through 31 of the mimeographed record in the above-entitled case, plus the attached photostatic copies of Plaintiff's Exhibits A, B, C and D, constitute the exhibits offered by the parties referred to in the appeal entries appearing on page 21 of said mimeographed record."

*Claude V. Jones and L. H. Mount for plaintiff appellee.*
*J. Ira Lee and Jane A. Parker for defendant appellants.*

BARNHILL, J. The defendants' petition for *certiorari* is denied. The certificate they seek to have brought up was no part of the record when it was certified to this Court. It was made without notice and the Court was then without jurisdiction to settle the case on appeal, of which the exhibits offered in evidence are or would be an essential part. *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22.

The judge undertook to settle the case on appeal at the time judgment was signed. When, however, oral evidence is offered, the judge cannot settle the case on appeal by an anticipatory order. Indeed, in such case,

he has no authority to settle the case on appeal until and unless there is a disagreement of counsel. G.S. 1-283; *Russos v. Bailey, supra.*

Exceptions which point out errors occurring during the progress of a trial in which oral testimony is offered or challenge the sufficiency of the evidence to support the facts found can be presented only through a "case on appeal" or "case agreed." This is the sole statutory method of vesting this Court with jurisdiction to hear the appeal. Unless so presented, they are mere surplusage without force or effect and must be treated as a nullity. *Russos v. Bailey, supra; Harney v. Comrs. of McFarlan,* 229 N.C. 71, 47 S.E. 2d 535; *Western North Carolina Conference v. Tally,* 229 N.C. 1, 47 S.E. 2d 467. Hence plaintiff's motion to dismiss must be allowed in respect to the purported evidence and all exceptions and assignments of error appearing in the record, other than the exceptions to the conclusions of law made on the facts found and to the judgment entered.

While the failure to have a case on appeal works an abandonment of all exceptions and assignments of error other than those directed to alleged error appearing on the face of the record proper, it does not require a dismissal of the appeal. *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66. The defendants are entitled to be heard on their exceptions presented by the record proper "which are cognizable *sua sponte, e.g.,* want of jurisdiction or some patent defect." *Bell v. Nivens, supra,* and cases cited. *Russos v. Bailey, supra.*

"As the record contains no proper statement of case on appeal, we are limited to the question whether there is error in the judgment . . ." *Parker Co. v. Bank,* 200 N.C. 441, 157 S.E. 419; *Casualty Co. v. Green,* 200 N.C. 535, 157 S.E. 797; *Winchester v. Brotherhood of R. R. Trainmen,* 203 N.C. 735, 167 S.E. 49; *Dixon v. Osborne,* 201 N.C. 489, 160 S.E. 579.

The exception to the judgment "presents the single question, whether the facts found and admitted are sufficient to support the judgment, that is, whether the court correctly applied the law to the facts found. It is insufficient to bring up for review the findings of fact or the evidence upon which they are based." *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Russos v. Bailey, supra; Western North Carolina Conference v. Tally, supra; Bond v. Bond, post,* 754.

The court below correctly concluded that the change of the name on the ledger sheet and passbook from "J. E. Hall" to "J. E. Hall, or wife, Mrs. Lukie R. Hall" had the effect only of constituting said Lukie R. Hall agent with authority to withdraw said funds during the lifetime of J. E. Hall, and that said power of attorney or agency was revoked upon the death of J. E. Hall. *Jones v. Fullbright,* 197 N.C. 274, 148 S.E. 229; *Nannie v. Pollard,* 205 N.C. 362, 171 S.E. 341; *Redmond v. Farthing,* 217 N.C. 678, 9 S.E. 2d 405.

"To make a gift of a bank deposit there must be not only an intention to give but a delivery and loss of dominion of the property given, 30 C.J. 701, sec. 297. The title to the deposit remained in the husband; hence the only right the wife had to draw out the money was by virtue of the authority conferred upon her by her husband, she acting as agent; and her power as agent was revoked by the death of her husband. 3 R.C.L. 579; *Jones v. Fullbright,* 197 N.C. 274." *Nannie v. Pollard, supra.*

What purports to be Exhibit K, offered in evidence at the hearing, appears in the record. It has no proper place in the record and is not before us for consideration. However, it is upon this exhibit the defendants primarily rely. For that reason we may note that on its face it makes no reference to the savings account Hall then had with the Building & Loan Association. It is a written subscription for ........ optional shares which, when issued, are to be held for the account of J. E. Hall or wife, Lukie R. Hall as joint tenants "with right of survivorship and not as tenants in common" with the right in either to pledge the shares as collateral.

In this connection the court made the following findings: "That although the signature card or card referred to as Plaintiff's Exhibit K, which was signed by J. E. Hall and Lukie R. Hall on June 27, 1945, contains the language 'We hereby subscribe for ......... optional Savings Shares . . .' the fact is that no shares of stock were actually subscribed for and no shares of stock were issued by the Home Building and Loan Association, and the amount of the deposit in said account at that time remained in said account until it was later withdrawn as hereinafter found to be the fact . . . There is no evidence before the Court that James Edward Hall made any statement to the effect that he was giving the said savings account or any part thereof to Lukie Rogers Hall and there is no written instrument offered in evidence signed by the said James Edward Hall by which the said savings account was given to the said Lukie Rogers Hall, the only thing in writing being the signature card marked Plaintiff's Exhibit K, which the Court is of the opinion and concludes falls short of a gift of the account or an agreement between James E. Hall and his wife, Lukie Rogers Hall, as to the disposition of said fund upon the death of James E. Hall . . . That there is no evidence from which the Court can find that there was any donative intent on the part of James Edward Hall to make a gift of said savings account to his wife, Lukie Rogers Hall, or to part with or surrender dominion or control of said account; and the Court is unable to find from the evidence that the said James Edward Hall made any agreement with his wife, Lukie Rogers Hall, to the effect that the said savings account should vest in her and be her sole property upon his death . . . That the said account in the Build-

ing and Loan Association belonged to the estate of James Edward Hall at the time of his death . . ."

The finding that Exhibit K was not executed for the purpose of transferring the account then in the name of J. E. Hall to a joint account is implicit in the affirmative findings made. There is nothing on the face of the exhibit in conflict with the findings of the court. And the record before us fails to show that the oral testimony related the exhibit to the account. Therefore, even if we consider it, we can find nothing therein to warrant us in overruling the conclusions of law made by the court below.

It may be that in fact the account existing at the time Hall and wife visited the office of the Building & Loan Association was the subject matter of the agreement evidenced by Exhibit K and that the *feme* defendant has a valid claim to the balance remaining in the account at the time of the death of her intestate. If so, she has failed to bring up the evidence so as to enable us to review the findings of the judge in the light of all the testimony. On this record we are precluded from going behind the findings made. Those findings support the judgment entered. Therefore, the judgment must be

Affirmed.