LEE SIDES AND LEE SIDES, ADMINISTRATRIX OF THE ESTATE OF JAMES D. SIDES, DECEASED, v. THE CITIZENS NATIONAL BANK AND GODFREY SIDES.

(Filed 9 October, 1957.)

**1. Banks and Banking § 3—**

Admission by a bank that a named depositor was the owner of monies deposited with it establishes the relation of debtor and creditor between the bank and the depositor, placing the burden upon the bank, in an action by the depositor's administratrix, to show that it had discharged its debt, ιor to show matter constituting a legal excuse for failure to do so.

**2. Banks and Banking § 4: Estates § 16—**

In an action by the administratrix of a depositor against the bank of deposit and the depositor's son to recover the amount deposited by intestate, the fact that plaintiff introduces the bank's ledger sheet captioned in the name of intestate and intestate's son, who claimed the funds, does not justify nonsuit in view of the bank's admission that intestate was the owner of the monies deposited, since if plaintiff is to be defeated defendants have the burden of showing how the debt was discharged.

APPEAL by plaintiff from *Rudisill, J.,* March 1957 Term of GASTON.

Plaintiff, as an individual and as administratrix, seeks to recover monies deposited with the defendant bank. James D. Sides died 4 July 1956, and plaintiff, his widow, qualified as administratrix of his estate. Defendant Godfrey Sides, son of the intestate by a former marriage, asserts ownership of the deposit. The parties waived a jury trial. When plaintiff rested, defendants moved for nonsuit. The motion was allowed and judgment entered accordingly. Plaintiff administratrix appealed.

*Henry L. Kiser and Hugh W. Johnston for plaintiff appellant.*
*Whitener & Mitchem for appellee Godfrey Sides.*

RODMAN, J. The judgment of nonsuit is an adjudication that the evidence, viewed in the light most favorable to plaintiff, is insufficient to support a favorable finding for the plaintiff on the issues raised by the pleadings. *Goldsboro v. R. R., ante,* 101.

Section 4 of the complaint in substance alleges: On 3 January 1952 plaintiff and her husband opened a joint savings account with defendant bank in the amount of $1,871.75. Subsequently $200 was deposited. No withdrawals were made except for a part of the interest which had accrued. The amount on deposit at the death of James D. Sides was $2,130.47.

Section 5 of the complaint alleges that plaintiff had made demand on the bank for the deposit but payment had been refused, "that the

reason for such refusal is that one of the employees of the Bank erased from the Account Record the signature and name of Mrs. James D. Sides and permitted the defendant, Godfrey Sides, to enter his name and signature on the account record."

Section 10 of the complaint alleges: "That the money deposited in said account was actually money which belonged to the said James D. Sides."

Defendant bank responded to these allegations of the complaint thus:

"4. Answering the allegations of the fourth paragraph, this defendant says and alleges that on or about January 3, 1952 James D. Sides opened up a savings account with this defendant, and since said date had made several deposits to said account, and that said account now approximates $2,130.47, and that at the request of James D. Sides a pass book was issued to James D. Sides and Mrs. James D. Sides."

"5. It is admitted that plaintiff has requested this defendant to be permitted to withdraw the entire balance of said account of James D. Sides, and that this request has been denied for the reason that the defendant, Godfrey Sides, contends that he is entitled to the remaining balance."

"10. That as this defendant is advised and believes, the allegations of the tenth paragraph are true."

Godfrey Sides, in his answer, admitted when James D. Sides died there was on deposit with defendant bank the sum of $2,130.47 in the name of "James D. Sides and/or Godfrey Sides." He alleges in his further answer that the funds were deposited by James D. Sides "pursuant to an agreement, based upon a valuable consideration, that the same should be a joint account with right of survivorship to the surviving of them."

Plaintiff offered in evidence sections 4, 5, and 10 of the complaint and the corresponding sections of the answer of the bank. Plaintiff also offered in evidence a duplicate deposit book issued by the bank 3 November 1952, account number 03949, for the account "James D. Sides, Route 1, Bessemer City, N. C." This book shows a balance on 11 July 1956 on deposit of.$2,130.47. She also offered the bank's ledger sheet entitled at the top "James D. Sides or Godfrey Sides, Rt. 1, Bessemer City Duplicate book issued Nov. 3, 1952." This ledger sheet shows deposits and withdrawals beginning with a deposit of $200 on 27 December 1951 and terminating 29 March 1957, with a balance on 29 June 1956 of $2,130.47. The additions since June 1952 represent interest accrued. At the bottom of this ledger sheet is the statement: "My signature on this card opposite each withdrawal is an acknowledgment that the withdrawal and the extended balance are correct." Following this are the names "James D. Sides, Godfrey Sides." The only withdrawal supported by a signature is $27.19 on 30 March 1954, signed by

James D. Sides. The amounts and dates of the other debits would indicate they were payments of State intangible tax.

The admission by the bank that James D. Sides was the owner of the monies deposited established the relation of debtor and creditor between it and the depositor. *Bank v. Weaver*, 213 N.C. 767, 197 S.E. 551; *Williams v. Hood, Comr.*, 204 N.C. 140, 167 S.E. 574; *Woody v. Bank*, 194 N.C. 549, 140 S.E. 150. When the defendant bank admitted the deposit, the burden rested on it of showing it had discharged its debt. As said by *Walker, J.*, in *Churchwell v. Trust Co.*, 181 N.C. 21, 105 S.E. 889: "If the bank received the fund, and has not paid it to the depositor or to his representative, on demand, it is liable to plaintiff, unless in some way excused for the default, and the burden of showing this is upon it. If the other defendant claims the fund, he must show it. (citing authorities) 'A deposit should not be transferred from one account to another without ample authority, and what is sufficient authority is a question of fact (and law), which is to be answered whenever it arises.'" *Boney v. Bank*, 190 N.C. 863, 129 S.E. 583; *Bank v. Thompson*, 174 N.C. 349, 93 S.E. 849; *Yarborough v. Trust Co.*, 142 N.C. 377; *McQueen v. Bank*, 111 N.C. 509.

The fact that plaintiff introduced the ledger sheet captioned "James D. Sides or Godfrey Sides," when considered with the admissions in the answer, does not suffice to defeat the right of plaintiff administratrix. *Hall v. Hall*, 235 N.C. 711, 71 S.E. 2d 471; *Redmond v. Farthing*, 217 N.C. 678, 9 S.E. 2d 405; *Nannie v. Pollard*, 205 N.C. 362, 171 S.E. 341.

Plaintiff has shown facts sufficient to justify an affirmative finding that the monies on deposit belong to the estate of James D. Sides. If plaintiff is to be defeated, defendants have the burden of showing how the debt of the bank to James D. Sides was discharged.

Reversed.