CARSON D. SPIVEY, SR., ADMINISTRATOR OF EDITH RACHEL SPIVEY, DECEASED, v. GERTRUDE SMALL BOYCE AND EPHRIAM J. BOYCE, SR., ORIGINAL DEFENDANTS; AND ALLEN JEANETTE WILLIAMS AND WILLIAM H. WILLIAMS, ADDITIONAL DEFENDANTS.

(Filed 19 September 1962.)

**1. Appeal and Error § 29—**

The failure of the original defendant to serve case on appeal within the time prescribed with respect to an additional defendant's cross action against him results in absence of case on appeal in regard to the cross action, and the case on appeal in regard to the action between the plaintiff and the original defendant cannot supply the deficiency.

**2. Appeal and Error § 28—**

The absence of a case on appeal precludes consideration of exceptions occurring during the progress of the trial, including asserted error in allowing motion to nonsuit and refusal to submit a certain issue, but the absence of case on appeal does not preclude consideration of errors appearing on the face of the record proper, such as the denial of motion to strike allegations from a pleading.

**3. Appeal and Error § 47; Pleading § 34—**

The refusal to strike an allegation setting up an estoppel by settlement as a defense to the original defendant's cross action against one of the additional defendants will not be held for error when the original defendant takes a voluntary nonsuit as to such additional defendant prior to trial and such additional defendant is not a party at the time of trial, since the mere reading of the allegations and the original defendant's denial thereof could not have resulted in prejudice.

APPEAL by defendants Boyce from *Morris, J.,* January Term 1962 of PERQUIMANS.

Civil action growing out of a collision that occurred in Bertie County on the afternoon of Sunday, December 4, 1960, between an automobile owned by defendant Ephriam J. Boyce and operated by his wife, defendant Gertrude Small Boyce, and an automobile owned by (additional) defendant William H. Williams and operated by his daughter (additional) defendant Allen Jeanette Williams.

Admissions establish that, in each instance, the owner of the automobile, under the family purpose doctrine, is liable for the negligence if any, of the driver thereof.

The collision occurred within the right-angle intersection of two paved highways, U. S. Highway #17, the dominant highway, and N. C. Highway #45, the servient highway. The Williams car was proceeding south on #17 and the Boyce car was proceeding east on #45. Standard highway signs warned motorists on #45 to stop before entering upon #17. Each driver was undertaking to pass straight through the inter-

section. They entered the intersection at approximately the same time. The principal impact was between the left front of the Boyce car and the right front of the Williams car. Plaintiff's intestate, a guest passenger in the Williams car, was seated beside the right front door thereof. This door was knocked open by the impact. Plaintiff's intestate was thrown onto the highway and sustained fatal injuries.

Plaintiff instituted this action against defendants Boyce, alleging the death of his intestate (daughter) was proximately caused by their negligence. Answering, defendants Boyce denied negligence, pleaded negligence of defendants Williams was the sole proximate cause of the death of plaintiff's intestate; and, conditionally, alleged a cross action for contribution against defendants Williams. Defendants Williams were made parties on motion of defendants Boyce and became defendants only in respect of said cross action for contribution.

Defendants Williams filed a joint answer in which they denied negligence, pleaded negligence of defendants Boyce was the sole proximate cause of the death of plaintiff's intestate; and Allen Jeanette Williams pleaded a cross action against defendants Boyce in which she alleged she sustained personal injuries on account of their negligence and was entitled to recover damages therefor. In addition, defendants Williams pleaded a settlement alleged to have been made by defendants Boyce with defendant William H. Williams for the damage to his car and pleaded "said settlement and payment . . . as estoppel by settlement in bar of the right of the original defendants to recover against these additional defendants by contribution or otherwise by cross action herein."

Defendants Boyce, under date of June 23, 1961, filed a motion to strike the allegations of defendants Williams relating to their alleged settlement with William H. Williams for the damage to his car. In support of their motion, defendants Boyce set forth in an affidavit that if such settlement had been made by their liability insurance carrier it was made without their knowledge, consent or approval. Facts as to hearings and rulings on said motion to strike will be set forth in the opinion.

In a reply, defendants Boyce pleaded the contributory negligence of Allen Jeanette Williams in bar of her right to recover on her cross action.

At a pretrial conference, a voluntary nonsuit was taken by defendants Boyce in respect of the cross action they had alleged against defendant William H. Williams for contribution. Thus, William H. Williams was not a party at the time of the trial.

The record shows that the court submitted and the jury answered these issues:

"1. Did the plaintiff's intestate, Edith Rachel Spivey, come to her death as a result of the negligence of the defendants Boyce, as alleged in the Complaint? ANSWER: Yes.

"2. What amount of damages, if any, is the plaintiff entitled to recover of the defendants Boyce as a result of the death of the said intestate? ANSWER: $20,000.

"3. Was the additional defendant Allen Jeannette (sic) Williams injured as a result of the negligence of the defendants Boyce, as alleged in the Answer and Further Defense of the additional defendants Williams? ANSWER: Yes.

"4. In what amount, if any, is the additional defendant Allen Jeannette (sic) Williams entitled to recover of the defendants Boyce because of injuries sustained? ANSWER: $2,000."

The record shows the court entered judgment in accordance with the verdict; that defendants Boyce gave notice of appeal; that they were allowed sixty days (from February 2, 1962) to serve case on appeal.

By agreement between plaintiff and defendants Boyce, the time for serving case on appeal was extended to June 1, 1962; defendants Boyce served their statement of case on appeal on plaintiff on May 31, 1962; and on June 26, 1962, the case on appeal in the transcript now before us was agreed to by counsel for plaintiff and counsel for defendants Boyce.

Allen Jeanette Williams did not agree to any extension of time for service of case on appeal by defendants Boyce. No statement of case on appeal was served on her or her counsel until June 1, 1962.

*Silas M. Whedbee and John H. Hall for plaintiff appellee.*
*LeRoy, Wells & Shaw for defendants Boyce, appellants.*
*Aydlett & White for Allen Jeanette Williams, appellee.*

BOBBITT, J.   There was plenary evidence to support the jury's finding that plaintiff's intestate came to her death "as a result of the negligence of defendants Boyce, as alleged in the Complaint." Too, there was plenary evidence to support the jury's finding that plaintiff is entitled to recover damages from defendants Boyce in the sum of $20,000.00.

Careful consideration of assignments of error based on exceptions brought forward in the case on appeal served in apt time on plaintiff, relating to plaintiff's action against defendants Boyce, have been considered. Suffice to say, none discloses prejudicial error or requires discussion.

On account of the failure of defendants Boyce to serve a case on appeal on Allen Jeanette Williams within the time provided therefor, there is no case on appeal as between defendants Boyce and Allen Jeanette Williams. *Little v. Sheets,* 239 N.C. 430, 80 S.E. 2d 44, and cases cited. The *(Boyce-plaintiff)* case on appeal appearing in the transcript before us cannot be considered in determining the rights of defendants Boyce and Allen Jeanette Williams *inter se.*

Absent exceptions duly taken and set forth in a case on appeal served in apt time, there is no basis for consideration of certain assignments of error stressed by defendants Boyce, namely, (1) asserted error in the court's allowance of the motion of defendant Allen Jeanette Williams for judgment of nonsuit as to the alleged cross action of defendants Boyce against her for contribution, (2) asserted error in the court's denial of the motion of defendants Boyce for judgment of nonsuit as to the cross action of Allen Jeanette Williams against them, and (3) asserted error in the court's refusal, upon trial of said cross action, to submit an issue as to Allen Jeanette Williams' contributory negligence.

Obviously, determination of such assignments of error would require a critical consideration of the evidence offered at the trial; and, absent a case on appeal, the evidence offered at the trial is not before us for consideration. Indeed, absent a case on appeal, whether such motions and rulings were made does not appear.

"Exceptions which point out errors occurring during the progress of a trial in which oral testimony is offered or challenge the sufficiency of the evidence to support the facts found can be presented only through a 'case on appeal' or 'case agreed.' This is the sole statutory method of vesting this Court with jurisdiction to hear the appeal. Unless so presented, they are mere surplusage without force or effect and must be treated as a nullity." *Hall v. Hall,* 235 N.C. 711, 714, 71 S.E. 2d 471; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22; *Cressler v. Asheville,* 138 N.C. 482, 51 S.E. 53.

Even so, defendants Boyce contend the court erred in denying their motion to strike the fifth paragraph of the answer of defendants Williams and that error in this respect appears on the face of the record proper.

The written motion of defendants Boyce to strike the portion (fifth paragraph) of said joint answer of defendants Williams in which they alleged defendants Boyce had settled with William H. Williams for the damage to his car, was first overruled by a formal order of November 8, 1961. The court then noted and signed exception taken by defendants Boyce to said order. At the pretrial conference, held at the trial term, the court again, by a formal order, overruled said writ-

ten motion. Thereupon, defendants Boyce took a voluntary nonsuit as to (additional) defendant William H. Williams and again moved to strike the said fifth paragraph of the pleading filed jointly by defendants Williams. The court overruled this motion. The court then noted and signed exceptions by defendants Boyce to said rulings.

Prior to the adoption of our Rule 4(a), Rules of Practice in the Supreme Court, 254 N.C. 783, 785, defendants Boyce could have appealed as a matter of right from the denial of their said motion. Under the present practice, they are entitled to bring forward from an adverse final judgment their exception (then noted and signed by the court) to the order(s) denying their said motion.

It is noted that defendants Boyce, in their reply, categorically denied the allegations set forth in the said fifth paragraph of the joint answer of defendants Williams. Prejudice, if any, to defendants Boyce results solely from the reading of said fifth paragraph in the presence of the jury and of the reading of the denial thereof by defendants Boyce. Nothing appears to indicate evidence was offered in the presence of the jury bearing in any way on the subject of said allegations.

Uncontradicted evidence, including her own testimony, is to the effect that Mrs. Boyce failed to stop in obedience to the stop sign; and, upon the uncontradicted testimony, the only reasonable conclusion that may be drawn is that the negligence of defendants Boyce was a proximate cause of the collision. The jury so found in their answers to the first and third issues.

We pass, without decision or discussion, whether the court erred in refusing to strike said fifth paragraph. Suffice to say, we do not think it may be reasonably asserted that the jury, in answering the issues submitted, was in any way influenced or affected by the mere reading of said allegations and the denial thereof. Hence, we are of opinion, and so decide, that error, if any, in the denial of said motion to strike was not prejudicial.

No error.